### George W. McCarlie v. Clinton Atkinson.

1, Libel. *Publication. Mail.*

Libelous matter contained in a letter, written and mailed in this state to an addressee in another state, is not published until the letter is received and read.

2. Same. *Statute of limitation. Concealment of cause of action. Code* 1892, § 2749; *Ib.*, § 2742.

If suit for a libel contained in a letter sent by mail be brought after one year from publication (code 1892, § 2742) a concealment of the cause of action cannot be predicated, under code 1892, § 2749, of any act of the writer at the place where the letter was mailed.

3. Same.

The sending of a libelous letter by mail cannot alone constitute a concealment of its contents or publication.

From the circuit court of Pike county.

Hon. Jefferson Truly, Judge.

McCarlie, the appellant, was the plaintiff in the court below; Atkinson, the appellee, was defendant there. The facts are stated in the opinion of the court.

The replication, omitting its formal parts, was as follows:

"The libelous letter was prepared, written and published by the defendant November 17, 1897, and by him sent through the mails to W. C. Hurt Tobacco Company, at Danville, Virginia . . . and the defendant by fraudulent conceal- ment kept plaintiff wholly in ignorance of said libelous letter until nine months thereafter, and the said libel was discovered by plaintiff, after due diligence on his part, within one year next before the beginning of this suit."

*J. B. Holden,* for appellant.

Appellant was not negligent, but used due diligence to dis- cover who had libeled him; the libel was in its nature concealed

from appellant by the appellee, and appellant having commenced his suit within one year after he discovered who had wronged him, the statute of one year limitation would not, under the common law, avail appellee in this case. *Lewey* v. *Frick Coke Co.,* 28 L. R. A., 283; *Carrier* v. *Chicago, etc., R. R. Co.,* 6 L. R. A., 799; *Miller* v. *Powers,* 4 L. R. A., 483.

This case is within § 2749, code 1892, as appellee's acts were a fraudulent concealment of the cause of action.

*P. Z. Jones,* on same side.

The question presented is novel, and of first impression in this state, and will therefore have to be decided on principle. When did the statute begin to run? The general rule is that it begins to run from the act done, but this is not of universal application. The statute makes certain exceptions. In cases of concealed fraud it is provided that the statute shall not begin to run until the fraud is discovered. The mischief which the statute was intended to remedy was delay in the assertion of a legal right which it was practicable to assert.

Courts of equity decline to apply the statute where the plaintiff neither knew, nor had reasonable means of knowing, of the existence of a cause of action. *Lewey* v. *Frick Coke Co.,* 28 L. R. A., 283. By our statute, § 2749, code 1892, exception of fraud applies to actions at law as well as/to suits in equity. It is well enough to apply the statute of limitation if the party has reasonable opportunity to know that his rights are invaded. He is bound to take notice at his peril of whatever is done openly to the injury of his person, character, reputation or property. But ought this rule be extended to that which is done clandestinely? The case at bar is on all fours in principle with the one reported in 28 L. R. A., 283, supra. To require plaintiff to take notice of the libel under the circumstances of this case is to require an impossibility. To hold that by concealing a fraud, or by committing a fraud in such a manner that it conceals itself until the party committing the

fraud can plead the statute of limitations, is to make the law which was designed to prevent fraud, the means by which it is made successful and secure. *Bailey* v. *Glover,* 88 U. S., 342. The peculiar and novel question here presented was not before the court in the Mississippi cases relied on by counsel for appellee.

*J. H. Price,* on same side.

If the appellee made fraudulent representations against appellant in writing, and sent the same through the mail to a party in another state, he cannot be heard to say that he did not conceal his fraud. The very act of writing the fraudulent and libelous matter, and sending the same to the party making inquiry, is the essence of concealment, and it is no answer to say that appellee had no control over the letter, and could not conceal it. Where the fraud or concealment is of such character as to conceal itself, no subsequent act of concealment is necessary. *Moss Turnpike Co.* v. *Tebb,* 3 Mass., 201; 118 Mass.; 147; 10 N. H., 187; 34 Cal., 257; 9 Am. Law Reg., 365.

The statute of limitation is no defense against fraud. 55 Am. Dec., 585; 10 Am. Dec., 453; 28 L. R. A., 283. The latter is directly in point, and a well-considered case.

No man can take advantage of his own wrong. 25 L. R. A., 564, and notes on this case on page 566, citing 28 Miss., 730, and 35 Miss., 633; 21 Wall., 342; 92 Tenn., 310; 104 Pa., 265; 72 Iowa, 161; 111 N. C., 185; 75 Ga., 834; 23 Ill., 525; 31 Me., 448; 64 Tex., 510.

*McWillie & Thompson,* for appellee.

The position which our adversaries assume in this case is contradictory, and refutes itself. Their contention involves the absurd idea that the identical same acts on the part of Atkinson constitute both a publication and a concealment of a libel. This cannot be possible, the same acts cannot be both a publication and a concealment.

The replication admits that the letter complained of was written and published by the defendant in November, 1897, more than one year before suit brought, but avers that the defendant kept plaintiff wholly ignorant of the libelous writing (by not saying anything about it presumably) until nine months thereafter, and until within one year before suit was brought.

In order to bring a cause within the exception of the statute of limitations, the exception of a fraudulent concealment of the cause of action, it must be averred that the defendant did some affirmative act in the way of hiding out the existence of the cause of action. A cause of action must exist before it can be concealed, and, by the terms of the statute, code 1892, § 2749, it seems clear that something must be done after or contemporaneously with the coming into existence of the cause of action to conceal its existence before the exception from the bar can have application. This is the logic of our decisions. *Buckner* v. *Calcote,* 28 Miss., 432; *Wilson* v. *Ivy,* 32 Miss., 233; *Edwards* v. *Gibbs,* 39 Miss., 166; *Flemming* v. *Grafton,* 54 Miss., 79; *State* v. *Furlong,* 60 Miss., 839.

It is a general rule that the plaintiff's ignorance of his rights merely, and this is all that is averred in the replication, in the absence of fraud or connivance by the defendant, will not stop or suspend the operation of the statute. Buswell on Limitations, etc., sec. 385, and authorities cited; 13 Am. & Eng. Enc. L., 729, 730; *Wynne* v. *Cornelison,* 52 Ind., 390; *Jackson* v. *Buchanan,* 59 Ind., 390; *Wood* v. *Carpenter,* 101 U. S., 135; *Avery* v. *Cleary,* 132 U. S., 604; *Bates* v. *Preble,* 151 U. S., 149.

The exception engrafted by courts of equity on the statute of limitations in cases of fraud is not so narrow as our statutory exception. Code 1892, § 2749. The statute manifestly proceeds upon the idea of the independent existence of a cause of action and of separate subsequent fraudulent acts of concealment. We are disposed to doubt whether the statute on the

subject of concealing a cause of action can have application to an action of libel, and we submit to the court that in the very nature of things it cannot have application. The Pennsylvania case, 28 L. R. A., 283, s.c. 45 Am. St. Rep., 684, cited by the attorneys for the appellant, does not reach the question before the court. The facts there are exceptional and peculiar, and we doubt the correctness of the conclusion reached. The key to that case, however, is found in the fact, apparent from the decision itself, that the court was dealing with equity doctrines, no distinction in that state being made between courts of law and equity, and it was adjudged that the defendant was by good conscience required to inform the plaintiff of the peculiar trespass there complained of, and that his failure to give plaintiff information, was a fraud upon the plaintiff's rights. Surely Atkinson was under no obligations to inform appellant that he had written a letter disparaging the latter's financial worth.

Argued orally by *R. H. Thompson,* for appellee.

TERRAL, J., delivered the opinion of the court.

McCarlie sued Atkinson in the circuit court of Pike county in the sum of $84,000 damages for a libel in saying of him, in a letter to W. C. Hurt Tobacco Company, of Danville, Va.; "that he (McCarlie) was not safe for a credit of $125, and that he had never paid his debts;" to a plea of the statute of limitations of one year, the plaintiff replied that defendant had fraudulently concealed said cause of action until within one year before suit brought. A demurrer to said replication being sustained, the plaintiff appeals.

The libel in this case was not complete until the letter containing the matter complained of was received at Danville, Va., by the W. C. Hurt Tobacco Company, and was there opened and read by some member of that company.

It is impossible to predicate a concealment of the publica-

tion of the contents of the letter of any act of the defendant in Mississippi.

The sending of the letter to Danville through the mail was a condition without which its contents could not have been published there, but such sending of the letter by mail could not constitute a fraudulent concealment of the contents of the letter or of the publication of such contents at Danville, Va.

We see no ground for the contention of the appellant; the cases cited by him are not pertinent to the facts of this case.

It is said that fraud does not affect the statute of limitation in this respect. *Wilson* v. *Ivy,* 32 Miss., 233. And the sending of libelous matter by mail to another state where the letter is opened and read, though the communication of the contents of the letter to the addressee in the foreign state may constitute a cause of action, yet there is nothing in the transaction by which we could attribute to the writer a concealment of the cause of action.

*The action of the circuit court is affirmed.*