**Homer T. BARNETT, Plaintiff-Appellant,**

v.

**LOUISVILLE AND NASHVILLE RAIL-ROAD COMPANY, Defendant-Appellee.**

**No. 18484.**

United States Court of Appeals
Sixth Circuit.

March 18, 1969.

Homer T. Barnett, in pro. per.

Joseph E. Stopher, Louisville, Ky., A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., Marvin D. Jones, Louisville, Ky., on brief, for appellee.

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

The sole issue presented on this appeal is whether the District Court erred in dismissing the action on the ground that it had not been commenced within the period provided by the applicable statute of limitations. Plaintiff-appellant does not contest the application of Kentucky Revised Statute 413.140(d), which provides that an action for slander must be commenced within one year of the occurrence giving rise to the action. However, as the District Judge pointed out in the memorandum filed with the order of dismissal, plaintiff-appellant attempts to avoid the consequences of that statute by evidence purporting to establish that as a result of the slander alleged he has continuously been denied employment and that the wrong done to him has thus been continuous.

This contention fails to recognize the fact that it is the occurrence of the tort which marks the beginning of the running of the statute of limitations, and that the date or dates of consequential injuries is therefore immaterial. As this Court has previously pointed out, "If this were not true, then it would result that, in every case where damages resulting from a wrongful act are in their nature continuing, there would be no limitation upon the right of action, and the beneficent purpose of the statute to put a period to the right to sue would be defeated." Northern

Kentucky Tel. Co. v. Southern Bell Tel. & Tel. Co., 73 F.2d 333, 335, 97 A.L.R. 133 (6th Cir.), cert. denied, 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251 (1934).

The judgment of the District Court is affirmed.