William B. LASHLEE, Jr.,
Plaintiff-Appellant,

v.

Morris E. SUMNER, Defendant-Appellee.

No. 76–1976.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 11, 1977.

Decided and Filed Feb. 8, 1978.

James D. St. Clair, William H. Baker, Hale & Dorr, Boston, Mass., Charles E. English, English, Lucas, Priest & Owsley, Bowling Green, Ky., for plaintiff-appellant.

Reginald L. Ayers, Bell, Orr, Ayers & Moore, Bowling Green, Ky., Jon W. Brassel, Annapolis, Md., for defendant-appellee.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

LIVELY, Circuit Judge.

This is an appeal from summary judgment for the defendant in a diversity case based upon the district court's holding that the plaintiff's action was barred by a one-year Kentucky statute of limitations. The complaint charged that the defendant was employed as a consulting psychologist by plaintiff's employer, and that following an interview with plaintiff the defendant sent a written evaluation to the employer which contained libelous statements which are "utterly false and untrue." The complaint which was filed February 24, 1975, charged that the written report was submitted to plaintiff's employer on October 4, 1973.

Kentucky Revised Statutes (KRS) 413.-140(1)(d) provides that an action for libel or slander "shall be commenced within one year after the cause of action accrued." The district court found that publication of the report took place between October 4 and October 8, 1973 and that all claims of the complaint which were premised on publication of the report were barred by the one-year statute of limitations. After a hearing on the defendant's motion to dismiss, which was treated as a motion for summary judgment, Rule 12(b), Fed.R. Civ.P., the plaintiff filed an amended complaint charging the defendant with deliberate and fraudulent concealment of the allegedly libelous report. The district court held as a matter of law that there was no concealment which would prevent the running of the limitations period.

Plaintiff contends it was error to dismiss his entire action, since the libel claim is just one of four distinct causes of action which he pled. The other three, he asserts, are for negligence or malpractice, interference with contractual relations and intentional infliction of emotional distress. As the defendant notes, however, the complaint relates the injury for which damages are sought in each of the four counts to the delivery of the report to plaintiff's employer. Thus in the second count it is charged that the defendant violated a duty of due care owed to the plaintiff by negligently and carelessly *issuing* the report. The third count states that the report was *submitted* to the employer in bad faith and that the defendant *issued* the report with the express purpose of interfering with a beneficial contractual relationship which plaintiff had with his employer. Finally, it is claimed in the fourth count that the defendant deliberately *issued* the report knowing

it would eventually be brought to the plaintiff's attention and would cause him extreme mental suffering and emotional distress. The complaint incorporates in each of the latter three counts the allegations of the first count that the derogatory portions of the report were "utterly false and untrue" and that the defendant acted in bad faith and recklessly, without reasonable grounds for believing the statements were true.

The rule is firmly established in Kentucky that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed. *Skaggs v. Stanton,* 532 S.W.2d 442 (Ky. 1975). Kentucky also observes the related rule that a specific statute of limitations covers all actions whose real purpose is to recover for the injury addressed by it in preference to a general statute of limitations. *Carr v. Texas Eastern Transmission Corp.,* 344 S.W.2d 619 (Ky.1961). The underlying wrong which the complaint alleges is defamation by publication of a libelous report, and the claim of injury set out in each count springs from the act of publication. An essential element of each "cause of action" is the publication of an utterly false derogatory report about the plaintiff. The gist of the entire action is the libel, and the district court properly held that the one-year statute of limitations applies to all counts. See *Quigley v. Hawthorne Lumber Co.,* 264 F.Supp. 214 (S.D.N.Y.1967).

Plaintiff maintains that even if the one-year statute applies the district court erred in holding that his cause of action accrued with the submission of the report by defendant to plaintiff's employer in October 1973. In *Barnett v. Louisville & Nashville R. R. Co.,* 407 F.2d 1333 (6th Cir. 1969), this court affirmed the dismissal of a slander action by a district court in Kentucky on a finding that it had been commenced more than one year after the action accrued. The court held that "the occurrence of the tort" marked the beginning of the running of the statute of limitations. The tort occurred when the slander was uttered. This is in accord with the general rule that a cause of action for defamation accrues at the time of publication. 50 Am. Jur.2d, *Libel and Slander,* § 390. Plaintiff argues that his cause of action for libel did not accrue until he learned or should have learned of its existence. It is his position that he did not know he had been libeled until he was furnished a copy of the report "sometime after April 22, 1974,[1] at the time he was demoted within the company." Thus he seeks to have the "discovery rule," which Kentucky now recognizes in medical malpractice cases, applied to this action for libel.

The Kentucky Court of Appeals recently departed from its previous holdings that in medical malpractice cases the right of action accrues upon the occurrence of the tort. *Tomlinson v. Siehl,* 459 S.W.2d 166 (Ky.1970). Citing decisions which dealt with the "inherently unknowable" nature of the injury and the "blamelessly ignorant" victim, the court adopted the rule that a right of action for medical malpractice accrues upon discovery of the injury. In *Hackworth v. Hart,* 474 S.W.2d 377, 379 (Ky.1971), the holding of *Tomlinson* was restated as follows: "The statute begins to run on the date of discovery of the injury, *or from the date it should, in the exercise of ordinary care and diligence, have been discovered."* (emphasis in original). Plaintiff contends that the injury to his relationship with his employer which resulted from the report was inherently unknowable until its contents were revealed to him and that he was blamelessly ignorant of the wrong which had been inflicted.

The plaintiff has cited no case in which the discovery rule has been applied to toll limitations in a libel case. It has often been held in other jurisdictions that failure of a claimant to discover facts concerning an alleged defamatory report does not postpone the running of a statute of limitations. *E. g., Kern v. Hettinger,* 303 F.2d 333, 338

---

1. This fact was set out in plaintiff's affidavit in opposition to the motion to dismiss.

(2d Cir. 1962); 50 Am.Jur.2d, *Libel and Slander, supra*. Though the Kentucky Court has not dealt specifically with an attempt to apply the discovery rule to an action for libel, it has held that *Tomlinson* represents an exception to the general rule "with its application being limited to malpractice cases." *Caudill v. Arnett*, 481 S.W.2d 668, 670 (Ky.1972). There are similarities between the conditions which plaintiff alleges and those of a patient who discovers an injury sometime after the medical treatment which produced it. If the highest court of Kentucky had not limited the application of the discovery rule plaintiff's argument might be persuasive. See, *e. g., Armstrong v. Morgan*, 545 S.W.2d 45, 47 (Tex.Civ.App.1977). However, the parties agree that the law of Kentucky controls, and we are not free to depart from it. *Cf. Gates Rubber Company v. USM Corporation*, 508 F.2d 603 (7th Cir. 1975). The fact that plaintiff did not learn of the alleged libel until some months after its publication was not sufficient, standing alone, to toll the statute.

The final contention of the plaintiff is that there was a material issue of fact before the court which precluded the entry of summary judgment. The amended complaint charged that the defendant deliberately and fraudulently concealed the alleged libelous report from him.

■ Deliberate concealment by a defendant of the plaintiff's cause of action will toll the statute of limitations. In *Resthaven Memorial Cemetery v. Volk*, 286 Ky. 291, 150 S.W.2d 908, 912 (1941), it was held that "when a wrongdoer intentionally conceals his unlawful act the statute of limitations begins to run when the person injured learns of the unlawful act rather than from the time of commission of the act." This rule has been applied to toll limitations in an action for damages against one who extended an underground coal mine beneath land of an adjoining owner and extracted coal therefrom, *Falls Branch Coal Co. v. Proctor Coal Co.*, 203 Ky. 307, 262 S.W. 300 (1924); and in a wrongful death action where the decedent's widow was prevented from learning the identity of the owner of the hit-and-run vehicle which struck and killed her husband by failure of the owner to file an accident report. *St. Clair v. Bardstown Transfer Line*, 310 Ky. 776, 221 S.W.2d 679 (1949).

In each of the cited Kentucky cases the court found that the defendant had a duty to disclose his wrongful act to the person injured by it. In *Falls Branch, supra*, the court related the concealment rule to the doctrine of estoppel and held that failure of the trespasser to notify the adjoining owner of the trespass was constructive fraud. In *Hackworth v. Hart, supra*, 474 S.W.2d at 380, the court stated: "Ordinarily, unless the conduct of the defendant amounts to an absconding or concealment or obstructs the prosecution of the action it will not toll the running of the Statute of Limitations."[2] (citations omitted).

The district court made a finding of fact that "[t]he plaintiff knew that a report of his testing would be prepared and submitted to the company and same was available to him through the defendant." This is apparently the basis of the conclusion of law that the report was available and accessible to the plaintiff and there was no concealment. In *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir. 1962), Judge Weick wrote for the court:

In ruling on a motion for summary judgment, the court must construe the

---

**2.** Compare this general statement with the provisions of KRS 413.190, a "tolling" statute which applies only to defendants who are residents of Kentucky:

(2) When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. (citation omitted).

The affidavit of the defendant in support of its motion to dismiss did not address the concealment issue. The defendant did not answer the complaint, but rested on his motion. Rule 56(c), Fed.R.Civ.P., permits summary judgment only if there are no material issues of fact and the record shows "that the moving party is entitled to judgment as a matter of law." The affidavit of the plaintiff to the effect that he had not been advised of the contents of the report until April 1974, together with the defendant's answers to interrogatories are relied upon as setting forth specific facts which show that a genuine issue exists. Rule 56(e), Fed.R.Civ.P. The defendant argues that no genuine issue exists as to concealment and that his answers to the interrogatories show conclusively that he was entitled to judgment on this issue as a matter of law.

We can find no support in the record for the district court's finding that the plaintiff knew that he could learn the contents of the report through the defendant and that the report was available to him. A court may not resolve disputed facts on a motion for summary judgment. *United States v. Articles of Device, etc.*, 527 F.2d 1008, 1011 (6th Cir. 1976); *Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir. 1976.) It appears that the district court undertook to resolve at least two issues of fact: whether the defendant did intentionally conceal the report from the plaintiff thus obstructing prosecution of the action, and whether the plaintiff knew of its availability and exercised due diligence to learn of

its contents. Related to the concealment issue is a question whether the defendant had any duty to inform plaintiff of the contents of the report and of the time of its submission to the employer. Development of this question may lead to the necessity of addressing the matter of privileged communications. The facts should have been developed further. The affidavits addressed only the time of publication and the time of discovery, matters which are not dispositive of the concealment claim. The order granting summary judgment was premature at least.[3]

The judgment of the district court is reversed. The case is remanded for further proceedings consistent with this opinion.

WEICK, Circuit Judge, concurring and dissenting in part.

I agree with the majority that the gist of plaintiff's action was libel. Plaintiff's allegations in his Complaint contained counts in addition to libel, namely, counts of negligence and malpractice, interference with contractual relations, and intentional infliction of emotional distress, which were obviously an endeavor to avoid Kentucky's one year statute of limitations applicable to suits for libel or slander. The endeavor failed. The majority was correct in holding that under Kentucky law the one year statute of limitations was applicable to all counts. *Carr v. Texas Eastern Transmission Corp.*, 344 S.W.2d 619 (Ky.1961). *Cf. Underwriters at Lloyd's v. Peerless Storage Co.*, 561 F.2d 20 (6th Cir. 1977).

Plaintiff overlooks the fact that there was no contractual relationship between plaintiff and defendant. Plaintiff was not a patient, nor a customer, of the defendant. Plaintiff's employer contracted with defendant whereby defendant agreed to interview plaintiff and other employees of the

---

**3.** In his dissenting opinion Judge Weick refers to the burden of proof and the failure of the plaintiff to offer proof on the issue of fraudulent concealment. This overlooks the fact that the case was decided by the district court before the plaintiff was called upon to prove anything. The defendant neither answered the second amended complaint nor responded to

its allegations by affidavit in support of his motion for summary judgment. Thus, as to this issue, the district court actually granted a motion to dismiss on the pleadings. We express no opinion on the merits of the claim for fraudulent concealment; but hold that on the record before us it was error to grant the defendant's motion.

employer company, to administer psychological tests to the employees, and to provide a written evaluation of the tests to the company.

Plaintiff voluntarily submitted to the tests. The defendant made his written report to the company on or about October 4, 1973. Plaintiff so alleged in his Complaint. This is the date when the statute of limitations began to run. *Barnett v. Louisville & Nashville R. R.*, 407 F.2d 133 (6th Cir. 1969).

There was no agreement or understanding of any kind, either express or implied, that plaintiff was to receive a copy of the report. The agreement between defendant and the company provided that the report or its contents was not to be brought to the attention of plaintiff by any one other than by the defendant himself. This recognized that the defendant, as a psychologist, would be better able to explain to the defendant his (psychologist's) evaluation, if defendant wanted an explanation, *i. e.*, better than a layman's explanation. Plaintiff does not claim that the defendant gave him a copy of the report. He even asserts now that the defendant concealed the report from him. It is therefore fairly to be inferred that plaintiff must have secured a copy of the report only from his employer, and probably at the time plaintiff was demoted.

The situation here is analogous to that of credit agencies such as Dun and Bradstreet, and Retail Credit Company. These agencies make credit investigations of applicants for credit and furnish to their subscribers written reports of the result of their investigations. These agencies do not furnish copies of their reports to the credit applicants whom they investigate. The rules and regulations of these agencies which provide that their credit reports are to be kept confidential do not constitute fraud or concealment of fraud. The agencies owe no duty to the persons whom they investigate to furnish to them copies of the credit reports that they render to their subscribers.

This was so held in *Wilson v. Retail Credit Co.*, 438 F.2d 1043, 1045–46 (5th Cir. 1971), where the Court adopted the opinion of the District Court, stating in part:

Section 732 Mississippi Code 1942 provides that all actions for libel shall commence within one year next after such action accrued, and not after. If any claim arose or accrued on this report, it did so when the report was received by defendant's customer, and not when plaintiff discovered its existence. The defendant had no duty or obligation to reveal the contents of its confidential report to the plaintiff although it related to her. That rule as to the time of accrual of a right of action for libel is stated in *McCarlie v. Atkinson*, 77 Miss. 594, 27 So. 641. That decision firmly declared the rule to be that an action accrued, if at all, when the report was opened and read by the party to whom it was addressed and that no action of the recipient of the report could constitute concealment. There is nothing in this record before the court to show the existence of any fraud on the part of the defendant. Its rules and regulations and agreements with its customers to keep its reports confidential certainly do not amount to a fraud or the concealment of any fraud within the purview of § 742 Mississippi Code 1942 which provides: "If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." Fraud must be stated in specifics and not in conclusionary terms. The general rule is that this one year statute applying to libel actions commenced to run when the injury occurred and not at the time of discovery. The public policy of repose inherent in these statutes provides the reason and dictates an application of such policy in a case of this kind where the defendant owed the plaintiff no duty but to exercise good faith in a fair report of facts as revealed to them by their informants as it sought credit information about her.

There is nothing before the court in this case in response to said motion for summary judgment to specifically show the existence of any genuine issue of material fact in this case disentitling the defendant to a judgment as a matter of law.

The motion of the defendant for a summary judgment will be sustained for the reasons indicated. A judgment accordingly may be presented.

The Court followed the general rule that the statute of limitations applicable to a libel action commences to run when the injury occurs and not when the libel is discovered. The exception is a malpractice action which is not applicable here. *Caudill v. Arnett*, 481 S.W.2d 668 (Ky.1972).

In *Hackworth v. Hart*, 474 S.W.2d 377 (Ky.1971), the Court held:

Ordinarily, unless the conduct of the defendant amounts to an absconding or concealment or obstructs the prosecution of the action, it will not toll the running of the Statute of Limitations.

The Court further held that in a malpractice action the statute of limitations commences to run at the time the plaintiff discovered or in the exercise of ordinary care should have discovered the injury.

In the present case, in my opinion, there was no evidence of concealment and the uncontroverted evidence was to the effect that plaintiff, in the exercise of ordinary care, could have discovered the alleged libel shortly after it was published, and did actually discover the libel in adequate time to have brought his action within the one year statutory period.

It is obvious that plaintiff's claim of concealment was purely an afterthought. It is noteworthy that in his Complaint, filed on May 12, 1975, consisting of four Counts spread over six pages, there is no allegation of fraudulent concealment, or any concealment. This claim was not injected into the case until after the case was pending for more than eight months.

In his findings of fact the District Judge stated:

The plaintiff's second amended complaint was not tendered herein until after the final hearing herein and after the ruling of the Court on February 20, 1976, dismissing the complaint.

The Court did not grant leave to file the second amended complaint. In that complaint plaintiff made the following conclusory allegations:

The defendant deliberately and fraudulently concealed the report from the plaintiff and deliberately and fraudulently mislead the plaintiff into believing that any report concerning him would be favorable, as a result of which the plaintiff had no reason to believe that any report submitted by the defendant would be defamatory of him.

The fact that the report made by the defendant to the company was labelled confidential; the fact that it was distributed only to the president of plaintiff's employer; the fact that defendant's agreement with the company provided that the only way plaintiff could learn about the contents of the report was by meeting with the defendant, does not constitute fraudulent concealment. *Wilson v. Retail Credit Co., supra.*

The majority states:

We can find no support in the record for the district court's finding that the plaintiff knew that he could learn the contents of the report through the defendant and that the report was available to him.

I do not so read the finding of the District Court. To me the Court's finding reads as follows:

The plaintiff knew that a report of his testing would be prepared and submitted to the Company and same was available to him through the defendant.

As to the finding that "plaintiff knew that a report would be prepared and submitted to the company," this was alleged by the plaintiff in Count I paragraphs 6 and 7 of the Complaint, and there should be no question about it.

With respect to the finding that "same [the report] was available to him through the defendant," the answer of defendant to interrogatory No. 25 stated that the agreement between defendant and the company was as follows:

The agreement between the defendant and the American Bank Stationery Company was that under no condition would the report or its contents ever be brought to the attention of the plaintiff by any one other than the defendant himself.

The plaintiff did in fact secure a copy of the report, not from the defendant, but from the company, on or about April 22, 1964. There is no proof that he made any effort to obtain a copy of the report at any time earlier than that date.

If any confusion actually existed over the interpretation of the findings of Chief Judge Rhodes Bratcher, it could have been clarified if Judge Bratcher were still living, but unfortunately he has since deceased. In my opinion this case does not warrant a remand for a new hearing before another District Judge, who is unfamiliar with the issues, and who has his own problems in handling an overcrowded docket.

The burden of proof in this case was upon the plaintiff to prove grounds for avoiding the applicable Kentucky one year statute of limitations. Admittedly, plaintiff did not file his action within the one year period although he did learn of the contents of the report within the statutory period and had about six months thereafter in which to file the action. He made no effort to learn about the report which he knew the defendant had made to his employer on or ·about October 4, 1973. He admits that he learned of the report some time after April 22, 1974, at least when he was demoted by his employer. He did not file his action until May 12, 1975.

Plaintiff offered no proof that the report was unavailable to him prior to April 22, 1974. His action fails for lack of any proof to support his claims of fraudulent concealment.

Further, plaintiff neglected to offer any proof that he exercised reasonable care and diligence to ascertain the contents of the report.

The District Court was justified in granting summary judgment on the uncontroverted facts of the case, and its judgment should be affirmed.