**UNITED STATES of America, Plaintiff,**

v.

**HANCOCK COUNTY, TENNESSEE, et al., Defendants.**

**No. CIV-2-81-55.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 15, 1981.

**18**

John H. Cary, U. S. Atty., Richard Harris, Asst. U. S. Atty., Knoxville, Tenn., and Leslie M. Madden, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

John L. Bowers, Allen, Nelson & Bowers, Elizabethton, Tenn., William T. Gamble, Wilson, Worley, Gamble & Ward, Kingsport, Tenn., Robert W. Freemon, Sneedville, Tenn., William M. Leech, Jr., Atty. Gen., William B. Hubbard, Chief Deputy Atty. Gen., and Lee Brechenridge, Asst. Atty. Gen., Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action by the United States of America for injunctive relief and to recover civil-penalties for alleged violations of certain provisions of the Clean Water Act, 33 U.S.C. § 1311(a), and the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 403. 28 U.S.C. §§ 1345, 1355; 33 U.S.C. §§ 406, 1319(b). The defendant Summers-Taylor, Inc.[1] (Summers-Taylor) moved for a summary judgment.[2] Rule 56(b), Federal Rules of Civil Procedure. Such motion lacks merit.

The movant failed to submit with its written motion a brief with authorities as required by our local Rule 12(a), and consequently, the Court has not been apprised fully of the basis of its motion. That Summers-Taylor might have been acting pursuant to a contract with another corporation, and that it might have performed said contract in accordance with its specifications and in a workmanlike manner, does not negate the allegations of the complaint that, in performing such contract, Summers-Taylor violated 33 U.S.C. § 1311(a) and § 403. The former statute " * * * mak[es] the person responsible for the discharge of any pollutant strictly liable. * * " *United States v. Earth Sciences, Inc.*, C.A. 10th (1979), 599 F.2d 368, 374[6].

Rule 56(c), Federal Rules of Civil Procedure, permits summary judgment only if there are no genuine issues of material fact and the record reflects that the movant is entitled to judgment as a matter of law. *Lashlee v. Sumner*, C.A. 6th (1978), 570 F.2d 107, 111. Summers-Taylor failed to meet its burden of showing conclusively the lack of any genuine issue of material fact herein, *Smith v. Hudson*, C.A. 6th (1979), 600 F.2d 60, 63[4], certiorari dismissed (1979), 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415, and its entitlement to judgment as a matter of law. Accordingly, its motion for a summary judgment hereby is

DENIED.

1. Upon the representation of counsel for this defendant that its correct name is Summers-Taylor, Inc., the title of this action hereby is AMENDED accordingly. *Cf.* Rule 60(a), Federal Rules of Civil Procedure.

2. The motion was for a dismissal of this action, for the failure of the plaintiff to state a claim upon which relief can be granted against this defendant, Rule 12(b)(6), Federal Rules of Civil Procedure, or alternatively, for a summary judgment, Rule 56(b), *supra*. Since an affidavit was presented to and not excluded by the Court, the motion is considered in its latter alternative and will be disposed of as provided in Rule 56, Federal Rules of Civil Procedure.

The plaintiff failed to make a timely response to such motion, and any response thereto is deemed waived. Local Rules 12(b), 11(f).