In re Benjamin FERKO, Debtor.

James Evans, James Pond, Plaintiffs,

v.

Benjamin Ferko, Defendant.

Bankruptcy No. 02–54103.
Adversary No. 02–2282.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 15, 2003.

Michael D. Bornstein, Esq., Columbus, OH, for Plaintiffs.

Scott A. Mittman, Esq., Columbus, OH, for Defendant.

Susan L. Rhiel, Columbus, OH, Chapter 7 Trustee.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr.,
Bankruptcy Judge.

This matter comes before the Court upon the Plaintiff's Motion for Summary Judgment Against Defendant Benjamin Ferko ("Motion"), Defendant Benjamin E. Ferko's Memorandum Contra Plaintiff's Motion for Summary Judgment ("Memo Contra"), and Plaintiff's Reply Memorandum to Defendant's Memorandum Contra Plaintiff's Motion for Summary Judgment ("Reply").

### I. STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

### II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

[Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affi-

davits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).

## III. FACTUAL AND PROCEDURAL HISTORY

There is no dispute that James Pond and The Heritage Financial Network, Inc. ("Heritage") entered into a Heritage Financial Network Note ("Pond Note I") effective December 31, 1998. Pursuant to Pond Note I, Heritage promised to pay the principal sum of $80,000.00, plus interest accrued on the following scale:

| Year | Principal | Interest | Return |
|------|-----------|----------|--------|
| 1 | $ 80,000.00 | 10% | $ 88,000.00 |
| 2 | $ 88,000.00 | 22% | $107,360.00 |
| 3 | $107,360.00 | 24% | $133,126.84 |
| 4 | $133,126.40 | 26% | $167,739.26 |
| 5 | $167,739.26 | 28% | $214,706.25 |
| Total Overall Return 12/31/03: | | | $214,706.25 |

(Memo Contra, Exhibit 1). The Pond Note I was signed by James E. Pond and by Dale L. Francis, President of Heritage, on March 28, 2000.

There also is no dispute that James Pond and Heritage entered into a Heritage Financial Network Note ("Pond Note II") effective February 9, 2000. Pursuant to the Pond Note II, Heritage promised to pay the principal sum of $50,000.00, plus 35% overall interest, on January 1, 2001. (Memo Contra, Exhibit 1). The Pond Note II was signed by James E. Pond and Dale L. Francis, President of Heritage, on February 9, 2000.

There also is no dispute that James L. Evans and Heritage entered into a Heritage Financial Network Executive Note ("Evans Note") effective March 1, 2000. Pursuant to the Evans Note, Heritage promised to pay the principal sum of $250,000.00, plus twenty-five percent (25%) overall interest, on August 31, 2000. (Memo Contra, Exhibit 1). The Evans Note was signed by James L. Evans and Dale L. Francis, President of Heritage, on March 1, 2000.

Plaintiffs, James Pond and James Evans, initially filed suit against Ferko in the Common Pleas Court of Franklin County, Ohio ("State Court Action") on April 3, 2001. In the State Court Action, Plaintiffs alleged that Ferko committed violations of the Ohio Securities Act, breach of contract(s), common law fraud, and Ohio's Consumer Sales Practices Act. Plaintiffs had issued discovery requests, and Ferko had responded to them. Plaintiffs filed a motion for summary judgment in the State Court Action. That motion for summary judgment was pending when Ferko filed his Chapter 7 petition.

Ferko filed his Chapter 7 bankruptcy petition on April 1, 2002. Subsequently, Plaintiffs filed this adversary proceeding seeking a determination that the claims they have against Ferko are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6). Plaintiffs also seek a determination that Ferko's discharge be denied pursuant to 11 U.S.C. §§ 727(a)(3) and (4).

Finally, there is no dispute that the Ohio Division of Securities obtained a cease and desist order against Heritage in which the Division ordered Heritage to stop selling viatical accounts. (Memo Contra, p.4 and Reply, p.5). The interest in the viatical accounts were securities which had never been registered and were not subject to any exemption. The cease and desist order was agreed upon by Heritage and the Ohio Division of Securities.

## IV. LEGAL ANALYSIS

In Count One of the adversary proceeding complaint, Plaintiffs contend their

claims against Ferko are nondischargeable pursuant to 11 U.S.C. § 523(a)(2). In the adversary proceeding complaint and Motion, Plaintiffs contend that Ferko made numerous false representations regarding the Heritage notes. Plaintiffs contend that the representations were material to their decision(s) to acquire the Heritage notes and that they were made by Ferko with utter disregard for the truth. Plaintiffs also contend that the representations were made with the intent of misleading them that the Heritage notes were a safe investment.

In reviewing the Motion, the Memo Contra, and the Reply, the Court finds that there are genuine issues of material fact in existence. As for the Plaintiffs' claims under 11 U.S.C. § 523(a)(2), there appears to be an issue regarding Ferko's position with Heritage at the time that the Notes were entered into by the parties. In considering the allegations made under 11 U.S.C. § 523(a)(2), the Court must have a complete and reliable picture of Ferko's relationship to Heritage at the time when the representations were made. To their Motion, Plaintiffs attached a business card stating that Ferko was Director–Viatical Services for Heritage. However, Plaintiffs also attach letters from Ferko dated October 30, 2000 and November 9, 2000. These letters are written on P.A. Confidential stationery and refer to another company known as Alpha Capital Group. These exhibits as presented, in and of themselves, create a genuine issue of material fact for the Court as to Ferko's position and relationship to Heritage and the Notes. The Court cannot find that the Plaintiffs met their burden of proof on their Motion pertaining to the allegations under 11 U.S.C. § 523(a)(2).

In Count Two of the complaint, Plaintiffs contend their claims against Ferko are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and (6). Section 523(a)(4) makes nondischargeable debts that arose out of fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny committed by the debtor. *In re Bustamante*, 239 B.R. 770, 776 (Bkrtcy.N.D.Ohio 1999). Again, as stated above, there appears to be a genuine issue of material fact regarding the relationship between Ferko and Heritage. Further, there seems to be a genuine issue of fact, based upon this Court's review, as to whether Plaintiffs invested based upon representations made by Ferko. Since genuine issues of material fact remain, the Court cannot find that Plaintiffs have met their burden of proof on their Motion pertaining to the allegations under 11 U.S.C. § 523(a)(4).

Plaintiffs also contend in Count Two of the adversary proceeding complaint that the claims against Ferko are nondischargeable pursuant to 11 U.S.C. § 523(a)(6). That Section provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another" is nondischargeable. 11 U.S.C. § 523(a)(6). In order for the debtor's conduct to bring debt within the discharge exception under 11 U.S.C. § 523(a)(6), the debtor must will or desire harm or believe that injury is substantially certain to occur as a result of his behavior. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 465 (6th Cir.1999). For the same foregoing reasons, genuine issues of material fact remain, and the Court is unable to determine and conclude that the Plaintiffs have met their burden of proof on their Motion pursuant to 11 U.S.C. § 523(a)(6).

## V. *PROCEDURAL ANALYSIS*

While the Court has already addressed the legal arguments and made its legal analysis, Plaintiffs and Ferko also raise

three procedural points within the context of the underlying pleadings. So, the Court also will address these procedural points.

First, in their Reply, Plaintiffs assert that Ferko failed to produce an affidavit documentary evidence, or deposition transcript(s) to support anything set forth in his Memo Contra. Plaintiffs assert that Ferko merely relies upon statements of counsel. Therefore, Plaintiffs submit that their affidavits should be accepted as true and summary judgment should be entered in their favor.

■ In determining a motion for summary judgment, the Court must satisfy itself that there are no issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. Even if a summary judgment motion is unopposed, the Court is not relieved of this task. *See U.S. v. Crooksville Coal Co., Inc.*, 560 F.Supp. 141, 142 (S.D.Ohio 1982), *citing Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979). Based upon its review, the Court has determined that the exhibits as presented by the Plaintiffs, in and of themselves, create a genuine issue of material fact for the Court. Therefore, summary judgment cannot be entered in Plaintiffs' favor.

Second, in Ferko's Memo Contra, he asserts that the affidavit of Evans should be stricken and sanctions issued for violation of Ohio Revised Code § 147.54. He makes this assertion based upon the affidavit being signed by Evans on January 9, 2003, and the notary's affirmation being signed and dated on January 15, 2003. Evans responds that his affidavit is proper. He signed the affidavit on January 9, 2003, in front of the notary. However, the notary did not sign the acknowledgment until several days later, and dated the acknowledgment on the date that it was notarized.

The Court finds that Chapter 2319 of the Ohio Revised Code defines and controls affidavits in the State of Ohio. However, for purposes of this decision, the Court already has determined that genuine issues of material fact exist. The Court in making that determination, did not rely solely upon Evans' affidavit. Therefore, the Court does not have to make a determination at this time as to the impact of the procedure followed by the notary in the execution of Evans' affidavit.

Finally, in Ferko's Memo Contra, he asserts that it is impermissible for Plaintiffs to join their claims under Rule 7020 of the Federal Rules of Bankruptcy Procedure. Ferko also submits that he raises the Rule 7020 issue in the context of perspective and that it will be more thoroughly explored in a separate motion to dismiss. In response, Plaintiffs assert that the joinder of their claims is permissible and appropriate.

Based upon the Court's review, it finds that the Rule 7020 issue only came before it in the context of perspective. No separate motion is before the Court, and no decision needs to be made on this issue for the purpose of this decision on the Motion. The Court finds that these three procedural points have no impact upon its prior legal analysis.

## VI. CONCLUSION

Based upon the foregoing, the Court is not satisfied that the Plaintiffs are entitled to judgment as a matter of law. Therefore, the Motion for Summary Judgment against Defendant Benjamin Ferko filed by Plaintiffs is hereby denied.

Further, Defendant Benjamin Ferko is ordered to file his preliminary pretrial statement on or before **July 23, 2003**. Counsel for Plaintiffs and counsel for Defendant are hereby ordered to appear at a pretrial for this adversary proceeding on

Wednesday, August 13, 2003, at 10:00 a.m. in Judge Calhoun's Chambers, Fourth Floor, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio.

IT IS SO ORDERED.