**In re Kevin M. FEARN, Debtor.**

**Shannon Huffer, et al., Plaintiffs,**

**v.**

**Kevin M. Fearn, Defendant.**

**Bankruptcy No. 03–50480.**
**Adversary No. 03–02085.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 21, 2003.

Charles H. Bendig, Wilcox Schlosser & Bendig Co., L.P.A., Columbus, OH, for plaintiff.

W. Mark Jump, Koffel & Jump, Columbus, OH, for defendant.

David M. Whittaker, Columbus, OH pro se.

*AMENDED ORDER ON PLAINTIFFS'*
*MOTION FOR SUMMARY*
*JUDGMENT* [1]

DONALD E. CALHOUN, JR.,
Bankruptcy Judge.

This matter comes before the Court upon the Plaintiff's [sic] Motion for Sum-

---

1. The Order on Plaintiffs' Motion for Summary Judgement stated on page 5 as follows: ...Defendant's alleged consumption of alcohol on the same night of a motor vehicle accident does not necessarily equate to a conclusion that the debt is discharged because the personal injury was caused by the Defendant's unlawful "operation of motor vehicle... because the Debtor was intoxi-

mary Judgment ("Motion"), Defendant's Memorandum Contra Plaintiff's [sic] Motion for Summary Judgment ("Memo Contra"), and Plaintiffs' Supplemental Memorandum In Support of Motion for Summary Judgment ("Reply").

### I. Statement of Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### II. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

> [Summary judgment] . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The burden on the moving party is discharged by a "showing" that there is an absence of evidence to support a nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. Summary Judgment will be appropriate if the nonmoving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Thus, the ultimate burden of demonstrating the existence of genuine issues of material fact lies with a nonmoving party. *Lashlee*, 570 F.2d at 110–111. In deciding a motion for summary judgment, the Court must satisfy itself that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

### III. Facts

In 2001, Shannon Huffer filed a complaint against Kevin Fearn, Debtor and Defendant, in the Franklin County, Ohio, Court of Common Pleas. That action was assigned Case No. 01–CVC–01–6502 ("State Court Action"). The underlying State Court Action alleged that Defendant struck the back of a vehicle occupied by Shannon Huffer and Gregory Huffer, while operating his vehicle at a high rate of speed during the evening of February 2, 2001. It was also alleged that the collision caused functional damages to both vehicles and personal injury. Prior to the filing of the State Court Action, the Defendant ultimately plead guilty to failure to control and failure to maintain assured clear dis-

---

cated from using alcohol . . ." 11 U.S.C. § 523(a)(9).

This Amended Order on Plaintiffs' Motion for Summary Judgment is being entered to correct a clerical error. The above text now states in this Amended Order as follows:

. . . Defendant's alleged consumption of alcohol on the same night of a motor vehicle accident does not necessarily equate to a conclusion that the debt is nondischargeable because the personal injury caused by the Defendant's unlawful "operation of motor vehicle . . . because the Debtor was intoxicated from using alcohol . . . ." 11 U.S.C. § 523(a)(9).

tance. Within the proceedings of the State Court Action, Shannon Huffer took the deposition of Defendant. Within that deposition, Defendant stated that he had consumed, during the course of the evening, martinis and beer. Defendant also stated during the deposition that he had no recollection of any other events during that evening. Both Shannon Huffer and Gregory Huffer maintain that they saw the Defendant in his vehicle as it fled from the scene.

Within the underlying State Court Action, Shannon Huffer made a claim for compensatory damages. Shannon Huffer also made a claim for punitive damages. The insurer of Defendant undertook his defense. The Defendant filed his Chapter 7 petition on the 10th day of January, 2003. Pursuant to that filing, a Notification of Filing Under Bankruptcy Code and Suggestion of Stay was filed in the state court. The State Court Action was stayed.

Shannon Huffer and Gregory Huffer then came before this Court seeking modification of the automatic stay within the proceedings of Case No. 03–50480. Shannon Huffer sought an order granting relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit her to proceed with her State Court Action against the Defendant. Gregory Huffer sought an order granting relief from automatic stay so that he might file a separate action in state court. Gregory Huffer represented to the Court that his separate action will mirror Shannon Huffer's State Court Action. On February 18, 2003, Shannon Huffer and Gregory Huffer also filed this adversary proceeding.

On June 19, 2003, the Court entered an Order on Motion of Shannon Huffer and Gregory Huffer for Modification of Automatic Stay to Permit Prosecution of Action in State Court. Pursuant to the Court's Order, the Motion of Shannon Huffer and Gregory Huffer for Modification of Automatic Stay to Permit Prosecution of State Action in State Court was granted subject to special jury instruction(s)/verdict form(s) being submitted within the State Court Action. The Court ordered the State Court Action to proceed with special jury instruction(s)/verdict form(s) being given to the triers of fact for determination and requiring responses to the following questions: Was the personal injury(ies) caused by Kevin Fearn's operation of the motor vehicle? If so, at the time the personal injury(ies) were incurred, was Kevin Fearn operating the motor vehicle while intoxicated from using alcohol, as defined under Ohio law? The Court further ordered the parties, at the conclusion of the State Court Action, to submit a joint report in this adversary proceeding stating the judgment entered/settlement entered in the State Court Action. The Court determined that after receiving said joint report, it would proceed with this adversary proceeding and the issues relating to dischargeability.[2]

### IV. *Legal Discussion*

As stated above, under Rule 56(c) of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, a party is entitled to judgment only if that party can establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. The Court must determine not whether it thinks the evidence unmistakably favors one side or the other, but whether a fair minded trier of fact

**2.** While the Motion of Shannon Huffer and Gregory Huffer for Modification of Automatic Stay to Permit Prosecution of Action in State Court was pending, the Plaintiffs filed their Motion.

**110**

could return a verdict for a non-moving party on the evidence presented. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence presented by the non-movant is to be believed and all justifiable inferences are to be drawn in favor of the non-moving party. *Id.*

In considering the evidence submitted in support of the Motion and the Memo Contra, the Court cannot find that Plaintiffs have met their burden of proof on their Motion. Genuine issues of material fact remain in dispute relating to the legal determinations that must be made under 11 U.S.C. § 523(a)(9). Defendant's alleged consumption of alcohol on the same night of a motor vehicle accident does not necessarily equate to a conclusion that the debt is nondischargeable because the personal injury was caused by the Defendant's unlawful "operation of motor vehicle... because the Debtor was intoxicated from using alcohol..." 11 U.S.C. § 523(a)(9).

### V. *Conclusion*

Based upon the foregoing, the Court is not satisfied that the moving parties are entitled to judgment as a matter of law. Therefore, the Motion for Summary Judgment filed by the Plaintiffs is hereby denied.

IT IS SO ORDERED.