NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0698n.06

No. 08-5729

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 28, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SEAN and JACQUILINE BRANHAM, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICRO COMPUTER ANALYSTS et al., | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |
| | ) | |
| | ) | |

**Before: GILMAN and GRIFFIN, Circuit Judges; and STEEH, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** While repairing Jacqueline Branham's computer, Micro Computer Analysts, Inc. (MCA) employee Eric Lakes discovered what he believed to be files containing child pornography. Lakes contacted the local police to report what he had found. The police arrested Sean Branham, Jacqueline's husband, approximately one year later. Two months thereafter, all charges were dropped.

Nearly one year after the charges were dropped and more than two years after Lakes contacted the police, the Branhams sued Lakes, MCA, and several governmental entities and officials in federal court for, among other things, libel, slander, and the invasion of privacy. The district court determined that each of the three claims identified above was barred by Kentucky's

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

one-year statute of limitations. This determination is challenged on appeal only as it applies to the Branhams' claim for the invasion of privacy. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

**A.      Factual background**

Jacqueline took her computer to MCA to be serviced in June 2005. Five days after receiving the computer, Lakes filed a criminal report with the Lexington-Fayette Urban County Government Division of Police, stating that he had discovered what appeared to be child pornography on the computer's hard drive. Sean was charged in June 2006 with two counts of possession of matter portraying sexual performance by a minor. In August 2006, however, all criminal charges against Sean were dismissed with prejudice.

**B.      Procedural background**

The Branhams filed suit *pro se* against Lakes, MCA, the Fayette County Public School Board, the Division of Police, and several public officials in August 2007. Their complaint alleged various tort, civil rights, and contract claims, with those for libel, slander, and the invasion of privacy being the relevant ones on appeal. All of the defendants subsequently moved to dismiss the complaint, to which the Branhams failed to respond. Concluding that the Branhams' claims were either not plead with sufficient particularity or were time-barred, the district court dismissed the complaint in its entirety. The Branhams have limited their appeal by challenging only the district

court's conclusion that the invasion-of-privacy claim against Lakes and MCA is barred by Kentucky's one-year statute of limitations.

## II.  ANALYSIS

### A.  Standard of review

We review de novo a district court order dismissing a case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451 (6th Cir. 2003).  In considering a motion to dismiss, the district court must "accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]."  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (internal quotation marks omitted).

### B.  Discussion

The sole issue on appeal is whether the Branhams' claim for the invasion of privacy against Lakes and MCA is subject to a one-year or a five-year statute of limitations.  In Kentucky, actions for "an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated," must be brought within five years of the accrual of the cause of action.  Ky. Rev. Stat. § 413.120(7).  Claims for libel or slander, however, are governed by a one-year statute of limitations that specifically enumerates the various causes of actions that it covers.  Ky. Rev. Stat. § 413.140(1)(d).  The district court applied this latter statute to the Branhams' invasion-of-privacy claim.  But the Branhams assert that the five-year statute should have been applied.

Although no Kentucky statute specifically lists invasion of privacy as a claim that must be brought within one year after the cause of action accrues, "[t]he rule is firmly established in

Kentucky that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed." *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978) (*citing Skaggs v. Stanton*, 532 S.W.2d 442, 443 (Ky. 1975) (holding that Kentucky's one-year statute of limitations for criminal conversation applies to "all actions founded on interference with marriage")). "Kentucky also observes the related rule that a specific statute of limitations covers all actions whose real purpose is to recover for the injury addressed by it in preference to the general statute of limitations." *Id.* (*citing Carr v. Tex. E. Transmission Corp.*, 344 S.W.2d 619, 620 (Ky. 1961) (holding that a statute of limitations governing tort actions applied to a contract claim because the "object" of the claim was to recover in tort for injuries to the plaintiff's cattle)).

In *Lashlee*, a psychologist employed by Lashlee's employer sent a written evaluation of Lashlee to the employer that contained allegedly libelous statements. *Id.* at 108. The district court held that Lashlee's claims against the psychologist for libel, negligence, interference with contractual relations, and intentional infliction of emotional distress were barred by the one-year statute of limitations set forth in Kentucky Revised Statutes § 413.140, even though the latter three claims are not specifically mentioned by the statute. *Id.* This court affirmed the district court's ruling, reasoning that "the complaint relates the injury for which damages are sought in each of the four counts to the delivery of the report to plaintiff's employer." *Id.* Because all of the claims "spr[a]ng[]" from the act of publication," the one-year statute of limitation specifically governing libel applied to each of them. *Id.* at 109.

The instant case presents a similar scenario. In Kentucky, an invasion-of-privacy claim stems from "the right of a person to be free from unwarranted publicity, or the right to live without unwarranted interference by the public about matters with which the public is not necessarily concerned." *Commonwealth v. Wasson*, 842 S.W.2d 487, 496 (Ky. 1992) (*quoting Brents v. Morgan*, 299 S.W. 967, 970 (Ky. 1927)). According to the Branhams' complaint, Lakes and MCA violated this right by "pr[ying]" into Jacqueline's computer to discover the allegedly pornographic images, contacting the police, and filing "a false criminal report." Their claims for libel and slander similarly rested on the contention that Lakes and MCA had made false statements to the police.

As in *Lashlee*, the Branhams' claim for the invasion of privacy "springs" from the same act underlying their claims for libel and slander; i.e., MCA and Lakes reporting the discovery of what they believed to be child pornography to the police. The Branhams rely on *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984), to support their argument that the claim for the invasion of privacy is not subject to the same statute of limitations as their libel and slander claims. Their reliance on that case, however, is misplaced. In *Craft*, the Court held that the five-year statute of limitations enumerated by Kentucky Revised Statutes § 413.120(7) applied to a claim for emotional distress stemming from allegedly harassing behavior. *Id.* at 249. But unlike in the present case, the essence of the plaintiff's claim in *Craft* was not a cause action for which a statute of limitations was specifically provided under Kentucky law. *Craft* is thus distinguishable.

The Branhams further assert that they were unable to "fully explicate" their claims in the district court because they were *pro se* litigants. They contend that, as a result, they should not be held to the same standards that apply to pleadings filed by attorneys. This argument is similarly

without merit. Although "allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), federal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Branhams' *pro se* status therefore does not justify their failure to file a response to the defendants' motion to dismiss. Moreover, the Branhams' invasion-of-privacy claim was not dismissed because they were unable to communicate their arguments to the district judge; it was dismissed because the claim was brought too late. *See Jourdan*, 951 F.2d at 110 ("[Plaintiff's] action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware.").

In sum, the same conduct underlay the Branhams' claims for libel, slander, and the invasion of privacy. The one-year statute of limitations governing the first two claims therefore applies to the latter. Lakes and MCA contacted the police in June 2005, but the Branhams did not file suit until August 2007. Their invasion-of-privacy claim is therefore time-barred. *See Lashlee*, 570 F.2d at 109.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.