Larry **CAUDILL**, Appellant,

v.

Creed **ARNETT**, Superintendent of Magoffin County Schools, et al., Appellees.

Court of Appeals of Kentucky.

June 9, 1972.

Cordell H. Martin, Hindman, for appellant.

Earl R. Cooper, Salyersville, for appellees.

CATINNA, Commissioner.

The appellant, Larry Caudill, brought this action against Creed Arnett, Superintendent of Magoffin County Schools, and County Board of Education for damages allegedly resulting from injuries received when a Magoffin County school bus in which he was a passenger was involved in an accident. The trial court dismissed his claim by summary judgment based on the pleadings. The trial court held that the complaint showed on its face that the action was barred by the statute of limitations. We affirm.

Caudill was injured on February 2, 1963, when a Magoffin County school bus in which he was a passenger left the highway and overturned. At the time of the accident Caudill was fifteen years, six months, and five days old, having been born on

July 28, 1947. His injuries appeared to be minor; yet, from that time on he complained of continuous chest and back pain. On July 29, 1969, Caudill was examined by Dr. Charles H. Nicholson of Lexington. On August 26, 1969, an exploratory operation was performed which resulted in a diagnosis of chronic pancreatitis. Dr. Nicholson later testified that in his opinion this chronic pancreatitis was caused by the injury sustained by Caudill in the school-bus accident.

On November 26, 1969, Larry Caudill filed this action. At this time he was twenty-two years, three months, and twenty-six days old.

KRS 413.140 provides in part as follows:

"(1) The following actions shall be commenced within one year after the cause of action accrued:

(a) An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice or servant."

KRS 413.170 reads in part:

"(1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued."

It is admitted that Caudill's right to maintain this action is governed by KRS 413.140 and 413.170. Also, this action was not filed within one year after the removal of his disability, whether such be deemed to have occurred when he was eighteen or when he was twenty-one years of age.

When did Caudill's cause of action accrue? Appellant states the issue as follows: "Did appellant's cause of action accrue from the date of discovery of injury?"

This poses the further question: What is discovery of injury? He defines this as the day when exploratory surgery revealed for the first time the chronic pancreatitis that had resulted from the injury sustained in the school-bus accident of more than six years ago. We do not consider this to be a "discovery of injury," but rather the ascertainment of the extent of a previously recognized injury.

The appellant's cause of action came into existence or accrued on the day he was injured in the school-bus accident, and limitations began to run from that date even though he was not made fully aware of the extent of his injury until several years later.

In Jordan v. Howard, 246 Ky. 142, 54 S.W.2d 613 (1932), we said:

" * * * Statutes of limitations are based on the accrual of a right of action and, therefore, begin to run from the time the cause or the foundation of the right came into existence. * * *."

Further:

"The fact that appellant did not discover the extent of his injuries for several months cannot avail him. The cause of action occurred the day the injury was inflicted, and from that day the statute commenced to run." Welsh v. Louisville C. & L. R. Co., 6 Ky.Opin. 330 (1873).

In 51 Am.Jur.2d, Limitations of Actions, Section 135, page 704, it is stated:

" * * * As a general rule, where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not required that all the damages resulting from the act shall have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a

later date. The act itself is regarded as the ground of the action, and is not legally severable from its consequences. It is from then that the statute begins to run, and not from the time of the damage or discovery of the injury. It is immaterial whether the conduct out of which the tort cause of action arises is the breach of an implied contract or the affirmative disregard of some positive duty; in either case, the liability arises immediately on the breach or disregard of duty, and an action to recover the damages, which are the measure of such liability, may be immediately maintained."

Appellant insists that the rule of Tomlinson v. Siehl, Ky., 459 S.W.2d 166 (1970), is controlling and, therefore, the date of the exploratory operation is the date of discovery of the cause of action from which event limitations begin to run. The rule of Tomlinson is an exception to the general rule with its application being limited to malpractice cases.

■ Appellant insists that appellees waived their right to the defense of limitations because their answer did not affirmatively set out this defense. Appellees first filed a motion to dismiss this action because it was barred by limitations "as provided by KRS 413.170." This motion was overruled and appellees thereupon filed an answer which was nothing more than a general denial. The case was set for trial and depositions taken and filed in the record. Appellees filed a motion for summary judgment that specifically relied upon the statute of limitations. That appellant's cause of action was barred by the statute of limitations was apparent upon the face of the complaint. We are of the opinion that the question of limitations was properly before the trial court. See CR 8.03; Rather v. Allen County War Memorial Hospital, Ky., 429 S.W.2d 860 (1968).

The judgment is affirmed.

All concur.