RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0368p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

MARY L. HALL and EUGENE HALL,
                    *Plaintiffs-Appellants,*

                                                    No. 08-6455

            *v.*

SPENCER COUNTY, KENTUCKY, et al.,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00189—John G. Heyburn II, Chief District Judge.

Argued: October 6, 2009

Decided and Filed: October 20, 2009

Before: MARTIN, COLE, and KETHLEDGE, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** David A. Friedman, FERNANDEZ FRIEDMAN HAYNES & KOHN PLLC, Louisville, Kentucky, for Appellants. David A. Cohen, McBRAYER, McGINNIS, LESLIE & KIRKLAND, PLLC, Lexington, Kentucky, for Appellees. **ON BRIEF:** David A. Friedman, FERNANDEZ FRIEDMAN HAYNES & KOHN PLLC, Louisville, Kentucky, for Appellants. David A. Cohen, Stephen G. Amato, McBRAYER, McGINNIS, LESLIE & KIRKLAND, PLLC, Lexington, Kentucky, for Appellees.

———————————

## OPINION

———————————

BOYCE F. MARTIN, JR., Circuit Judge. Appellants Mary Lou and Eugene Hall, owners of a towing service, brought a 42 U.S.C. § 1983 action. They sought declaratory relief, injunctive relief and damages arising from an alleged reduction of "wrecker-run" assignments. They claim an outsourced emergency dispatcher removed them from a rotation list. In their original complaint, the Halls alleged due process claims against appellees

1

Russell and Marlene Cranmer, Spencer County, Kentucky and Taylorsville, Kentucky, alleging, *inter alia*, that they had impermissibly reduced and suspended assignment of wrecker calls to the Halls. Following discovery, the Halls moved for leave to file an amended complaint replacing all claims based on the bid contract award, instead alleging that the defendants had reduced the wrecker assignments to them in retaliation for their public complaints about the outsourced dispatcher and the instant litigation. The district court granted the motion[1] but found that the claims asserted in the amended complaint were sufficiently different from the claims in the original complaint that they were not entitled to relation-back to the original filing date under Federal Rule of Civil Procedure 15(c). The district court found that the "new" claims were thus time-barred under the applicable Kentucky statute of limitations. It dismissed the federal claims with prejudice and remanded the remaining state law claims in the amended complaint to the Circuit Court of Spencer County, Kentucky. The Halls appealed this judgment.

After reviewing the two complaints, we conclude that the claims asserted in the amended complaint were based on the same "conduct, transaction or occurrence" as the claims in the original complaint: the reduction of wrecker calls by the Cranmers to the Halls. Fed. R. Civ. Pro. 15(c)(1)(B). We thus find that the claims in the amended complaint relate back to the claims in the original complaint and were thus filed within the statute of limitations. For the following reasons, we **REVERSE** the judgment of the district court.

I

The Halls operated a wrecking-towing service and storage lot in Spencer County, Kentucky that obtained a substantial part of their business by responding to 911-dispatched towing calls. The County had long assumed the responsibility of dispatching local 911 calls on behalf of the city of Taylorsville, Kentucky. When the County decided to outsource dispatching duties, Russell Cranmer successfully bid for the 911

---

[1]The defendants did not cross-appeal the district court's decision to permit the filing of the amended complaint.

dispatch contract in 1993 and renegotiated the contract in 1998.[2] In 2005, the County solicited bids for the dispatch service and again awarded a one-year contract to Marlene Cranmer effective July 1, 2005.

When the Cranmers began operating the dispatch service, the Halls were the only towing company in Spencer County. By 2004, two additional towing companies, S&K Towing and Elk Creek Towing, were operating in the County. The Cranmers began sending dispatch calls to S&K in early 2004 when S&K began operating in Spencer County.[3] The Cranmers allege that they began sending S&K far more, though not all, of the calls because the Halls were unwilling or unable, due to health reasons, to take dispatch calls. Though the Halls requested that the Cranmers take S&K off of the dispatch list after Mr. Hall recovered from his illness so that the Halls could again have all the dispatch calls, the Cranmers created a rotational system, rotating dispatches between the competing towing services. During 2004 and 2005, the Halls complained repeatedly and publicly about the dispatch service, registering complaints with the mayor, ethics committee, fiscal court, state offices and the state auditor.

On March 17, 2006, the Halls filed a lawsuit in state court against the Cranmers, the City, the County, and three other defendants alleging that the bidding process had proceeded improperly, that the dispatch contract had been improperly awarded to the Cranmers and that no rotational protocol existed for dispatching towing companies, in violation of the Halls' rights. Importantly, the complaint alleged further that the reduction and elimination in wrecker assignments by the Cranmers constituted a violation of the Halls' right to due process of law. Defendants subsequently removed the case to federal court based on federal question jurisdiction arising from the Halls' due process claims.

---

[2]Russell Cranmer is also the Spencer County Deputy Sheriff.

[3]The Halls suggest that S&K Towing was ineligible to receive dispatch calls because it did not have a tow lot in Spencer County. They note that both Spencer County and the Kentucky State Police required an in-county tow-in lot for inclusion on the towing rotation list in 2005. However, whether S&K was permitted to receive towing calls is not before this Court.

On September 24, 2007, after initial discovery, the Halls sought leave to file an amended complaint. The district court granted them leave to file the proposed complaint, which abandoned all previous claims related to the bidding process and asserted new theories based on a theory of retaliation. The amended complaint dismissed all defendants save the Cranmers, the City,[4] and the County. The Halls allege that they determined through discovery that the Cranmers had stopped sending them calls due to their public complaints and the pending litigation.

The remaining defendants sought summary judgment on a variety of grounds. The district court granted defendants' motion for summary judgment on the grounds that the relevant one-year statute of limitations bars the Halls' federal claims. The district court found that the claims asserted in the amended complaint did not relate back to the Halls' original filing and that there was no other basis for deeming the amended complaint to assert claims within one year of the initial reduction or total suspension of the Halls' wrecker run assignments. The district court then dismissed the Halls' supplemental state law claims without prejudice. The Halls filed a timely appeal.

## II

We review *de novo* the district court's grant of summary judgment. *Blair v. Henry Filters, Inc.*, 505 F.3d 517, 523 (6th Cir. 2007). Summary judgment should be granted only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When we review a motion for summary judgment, we must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). We also review *de novo* the district court's conclusion that allegations in an amended complaint do not relate back to the original complaint. *U.S. ex rel. Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007) (*citing Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 247 (6th Cir. 2000)).

---

[4]On May 21, 2009, we granted the parties' stipulation to the dismissal with prejudice of all claims against the City.

III

For claims under Section 1983, the Court applies the statute of limitations for personal-injury tort actions in the state where the cause of action originated. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Under Kentucky law, personal-injury claims must be filed within one year of the tort. Ky. Rev. Stat. § 412.140(1)(a); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *Million v. Raymer*, 139 S.W.3d 914, 919 (Ky. 2004).

The cause of action accrues on the date of the injury to the person even though the extent of the injury is not known until later. *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. Ct. App. 1972). Thus, it accrues once "the cause or the foundation of the right [comes] into existence." *Id.* (*quoting Jordan v. Howard*, 54 S.W.2d 613, 615 (Ky. Ct. App. 1932)). A cause of action does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party. *Perkins v. Northeastern Log Homes*, 808 S.W.2d 809, 818-19 (Ky. 1991). The cause of action therefore accrued when the Halls had knowledge of the injury and had reason to suspect their cause of action.

The Halls filed the original complaint on March 17, 2006 and filed their amended complaint on September 24, 2007, more than one year later. The Cranmers say that they sent their last dispatch to the Halls on March 12, 2006. The Halls say that they were no longer receiving calls after March 30, 2006. Thus, by March 30, 2006, the Halls had filed their lawsuit and were no longer receiving referral calls, either of which was sufficient to place them on notice of the potential claim asserted in the amended complaint. Thus, as the district court found, the post-filing claims are barred unless they relate back to the original complaint or form part of a continuing violation.

Whether new allegations in a complaint relate back to the previous complaint is governed by Federal Rule of Civil Procedure 15(c). As pertinent here, that rule provides:

> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading.

Fed. R. Civ. Pro. 15(c)(1)(B).

Rule 15(c) is "'based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence.'" *Bledsoe*, 501 F.3d at 516 (*quoting Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1997)). In short, "a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence." *Miller*, 231 F.3d at 248. Rule 15(c)(2) does not define the scope of the terms "conduct, transaction, or occurrence." When applying this standard to the facts of a given case, we give meaning to those terms "not by generic or ideal notions of what constitutes a 'conduct, transaction, or occurrence,' but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *Bledsoe*, 501 F.3d at 516 (*citing Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one."). The Rule also must be interpreted in light of the "fundamental tenor of the Rules," which "is one of liberality rather than technicality." *Miller*, 231 F.3d at 248.

Both Hall's original complaint and the amended complaint are based on the same nexus of facts and actions as the original complaint as they both alleged constitutional claims based on the reduction of wrecker calls to the Halls; the amended complaint simply asserts a new legal theory based on this occurrence. While the amended complaint is substantially more sophisticated than the original complaint and asserts a new motivation for the reduction pursuant to a different constitutional claim, it merely

asserts a new legal theory arising out of the same occurrence as asserted in the original complaint. It thus satisfies our test for relation back under the liberal standard required by Rule 15(c). *See Miller*, 231 F.3d at 248 ("[A] court will permit a party to add even a new legal theory in an amended complaint as long as it arises out of the same transaction or occurrence.") Defendants had adequate notice of the nature and scope of the allegations in the amended complaint that the number of calls sent to the Halls was reduced in retaliation for their complaints about the original bid process and the flawed imposition of the rotational system by the Cranmers. The defendants were not prejudiced in their defense of claims based on their reduction of wrecker assignments to the Halls. Accordingly, we disagree with the district court and find that the claims alleged in the amended complaint satisfy the requirements for relation back and are thus not barred by the one-year statute of limitations for such claims.[5]

IV

For the reasons discussed above, this Court **REVERSES** the district court's judgment.

---

[5] As the Halls demonstrated that the claims in their amended complaint relate back to the claims in their original complaint, we need not determine whether the claims constitute a continuing violation.