**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0834n.06

Nos. 09-2102/09-2155

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Aug 03, 2012***

LEONARD GREEN, Clerk

| | |
|---|---|
| JEFFREY SANDERS, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| DETROIT POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |
| _____ | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**OPINION**

Before:  DAUGHTREY and ROGERS, Circuit Judges; ZOUHARY, District Judge.*

**JACK ZOUHARY, District Judge.**  Plaintiff-Appellant Jeffrey Sanders was convicted of domestic violence.  He brought this Section 1983 action alleging, among other things, that police made an unlawful warrantless entry into his home to arrest him, and he was not given prompt judicial determination of probable cause following his arrest.  The district court dismissed these claims as barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), because Sanders provided no indication his conviction had been invalidated.  Sanders now appeals.

Because a judgment in Sanders' favor on his claims would not necessarily impugn the validity of his domestic violence conviction, the district court should not have dismissed those claims under *Heck*.  Nevertheless, because the dismissal of one of the Section 1983 claims was

_____

*The Honorable Jack Zouhary, United States District Court for the Northern District of Ohio, sitting by designation.

1

proper on alternative grounds, we **AFFIRM** in part and **REMAND** in part the decision of the district court.

## BACKGROUND

On the morning of April 15, 2006, Detroit Police Officer Christopher Griffin was dispatched to Sanders' residence to respond to a reported assault and battery. When Griffin arrived, he found Sanders' wife, Tiyani, waiting outside, visibly injured. Tiyani told Griffin she just had an argument with her husband and that he hit her with his fist and threatened to kill her while wielding a knife. Sanders alleged that Griffin entered his apartment and arrested him.

On April 16, 2006, a magistrate judge signed an in-custody warrant for Sanders' arrest for assault with a dangerous weapon and domestic violence. In the warrant, the magistrate found that "[u]pon examination of the complaining witness, there is probable cause to believe that the offense charged was committed and the Defendant committed the offense." Sanders was provided a copy of the warrant and he was arraigned the following day.

On April 27, Sanders received a preliminary examination where Tiyani testified, in detail, about the assault and battery on April 15. At the conclusion of the hearing, the judge held that the state met its burden to show probable cause and Sanders was held at Wayne County jail until his jury trial, approximately five months later. A jury convicted him of domestic violence, under MICH. COMP. LAWS § 750.81(2), and he was sentenced to time served with one year probation.

Sanders filed this action, pursuant to 42 U.S.C. § 1983, against the Detroit Police Department, Officer Griffin, and two state judges for alleged violations of the Fourth Amendment. The district court dismissed the judges as parties, under the doctrine of absolute immunity. The district court also granted Sanders' motion to add the City of Detroit as a party in place of the Detroit

2

Police Department. After these rulings, three claims remained: (1) Griffin unlawfully entered his home in order to arrest him; (2) Sanders was not provided a judicial determination of probable cause within 48 hours of his arrest; and (3) the City of Detroit had an unconstitutional policy or custom regarding searches and seizures in domestic violence cases.

Sanders moved for summary judgment, which the district court denied, instead dismissing his case *sua sponte*. Relying on *Heck*, the district court reasoned that because Sanders' domestic violence conviction had not "been overturned, expunged, or called into question by the issuance of the writ of habeas corpus, the allegations relating to his criminal prosecution and conviction against Defendants fail[ed] to state a claim for which relief may be granted." *Sanders v. Detroit Police Dept.*, 653 F. Supp. 2d 715, 725 (E.D. Mich. 2009). The district court further reasoned that if Sanders "were to prevail on his § 1983 claims for warrantless arrest without probable cause, and for the alleged untimely probable cause determination, this would necessarily cast doubt on his underlying state criminal conviction for domestic violence." *Id.* The district court concluded:

> As such, the doctrine of *Heck v. Humphrey* precludes this Court from granting the requested relief absent the invalidation (by reversal, expungement, or issuance of the writ of habeas corpus) of the underlying criminal conviction. The forum to argue the unreasonable seizure and untimely probable cause determination was the state courts, and unless that conviction is overturned by the state court (or the federal court on habeas corpus review under 28 U.S.C. § 2254) this Court is powerless to provide the requested relief.

*Id.* The district court also dismissed Sanders' third claim, holding that he failed to allege facts sufficient to establish that Detroit had an unconstitutional policy or custom.

Sanders now appeals the dismissal of his first two claims, arguing *Heck* does not bar his Section 1983 suit. We review *de novo* the district court's dismissal. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998).

3

Under the *Heck* doctrine, a Section 1983 suit is not cognizable if it would "necessarily" invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside. *Heck*, 512 U.S. at 487. Neither of the claims under Section 1983 necessarily invalidates his conviction.

**Unlawful Entry**

Sanders' first claim, that Griffin unlawfully entered his home, does not necessarily call into question the validity of his conviction. *New York v. Harris*, 495 U.S. 14, 18 (1990). Rather, in a criminal case, the remedy for an unlawful entry would be the suppression of evidence obtained as a result of that entry. *Id.* at 19. Therefore, Sanders' unlawful entry claim would not necessarily impugn the validity of his conviction unless the evidence underlying the conviction was the fruit of the unlawful action. This requires a "precise inquiry" by the district court, which must match the claims being raised under Section 1983 "to the specific offenses" of conviction. *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).

Sanders was convicted under MICH. COMP. LAWS § 750.81(2), which provides "an individual who assaults . . . his or her spouse . . . is guilty of a misdemeanor . . . ." Because the record is incomplete as to what evidence was introduced at Sanders' criminal trial, we cannot determine whether anything obtained as a result of the allegedly unlawful entry was essential to Sanders' subsequent conviction. A remand is therefore necessary for further factual developments as to *Heck's* applicability.

4

**Probable Cause Hearing**

Sanders' second claim, that he was not afforded a prompt probable cause hearing, is unaffected by *Heck*, as that claim is for "monetary damages for a constitutional violation unrelated to [the plaintiff's] ultimate conviction of the substantive offense." *Alkire v. Irving*, 330 F.3d 802, 816 n.10 (6th Cir. 2003); *Buckenberger v. Reed*, 342 Fed. App'x 58, 63 (5th Cir. 2009) (holding such claims fall "within the narrow range of cases that are not barred by *Heck* because a determination of the timeliness of [the plaintiff's] probable cause hearing will not affect the validity of his conviction"). Indeed, in *Gerstein v. Pugh*, the case which established the right to a prompt judicial determination of probable cause following a warrantless arrest, the Supreme Court recognized that "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." 420 U.S. 103, 119 (1975). Therefore, even if Sanders succeeded on his *Gerstein* claim, his domestic violence conviction would still be valid.

**Alternative Grounds**

We may, if appropriate, affirm a district court's decision on alternative grounds. *See Fieger v. United States Atty. Gen.*, 542 F.3d 1111, 1116 (6th Cir. 2008). Such grounds exist to affirm the dismissal of Sanders' *Gerstein* claim.

Sanders claims the state violated his right under *Gerstein* to receive a probable cause determination following his warrantless arrest. However, "the Fourth Amendment does not compel an immediate determination of probable cause" following a warrantless arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 53–54 (1991). Delays are inevitable and, generally, determinations of probable cause that occur within 48 hours will not violate *Gerstein*'s promptness requirement. *Id.* at 55–56. In Sanders' case, a magistrate determined there was probable cause and signed a warrant

5

for his detention just one day after his arrest pursuant to MICH. COMP. LAWS § 764.1c. Thus, Sanders was being held pursuant to a valid warrant and therefore was "not constitutionally entitled to a separate judicial determination" of probable cause. *See Baker v. McCollan*, 443 U.S. 137, 143 (1979). He, nevertheless, received such a hearing either the very next day, when he was arraigned, or ten days later when it was determined that sufficient probable cause existed to hold Sanders until trial. Accordingly, Sanders' right to receive a prompt determination of probable cause was not violated.

However, we do not rely on alternative grounds to decide Sanders' claim for unlawful entry. *Patyon v. New York*, 445 U.S. 573 (1980) holds that the Fourth Amendment's chief aim is to protect against the "physical entry of the home." *Id*. at 585. Searches of the home must be reasonable. *Illinois v. Rodriguez*, 497 U.S. 177, 185–86 (1990). Generally, this requires a warrant prior to entering a home to make an arrest. *Payton*, 445 U.S. at 585–86. But a warrant is not always required.

The entry in this case was triggered by Tiyani's emergency phone call that Sanders had assaulted and threatened her. Such a warrantless entry may be proper if it fits into what has come to be known as the "domestic abuse exception." *Georgia v. Randolph*, 547 U.S. 103, 126–27 (2006); *see also Thacker v. City of Columbus*, 328 F.3d 244, 254 (6th Cir. 2003) (exigent circumstances existed based on 911 call and facts observed by police when they came to the house). On remand, in considering whether the police entry was constitutional, the district court should look to whether Tiyani validly consented to the entry, Griffin asked for such consent, or Sanders ever objected.

## CONCLUSION

For the foregoing reasons, the dismissal of Sanders' claim that he did not receive a prompt determination of probable cause is **AFFIRMED**; and the dismissal of Sanders' claim for unlawful entry is **VACATED** and **REMANDED** for further proceedings consistent with this Opinion.