NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY SANDERS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1321

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00979-CFL, Senior Judge Charles F. Lettow.

---

Decided: July 15, 2019

---

JEFFREY SANDERS, Oak Park, MI, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

---

Before O'MALLEY, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Jeffrey Sanders appeals from a decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction and failure to state a claim for which relief could be granted. *Sanders v. United States*, No. 18-979C, 2018 WL 6190375 (Fed. Cl. Nov. 28, 2018). For the reasons below, we agree that the Claims Court lacked jurisdiction over Sanders' complaint and find that we lack jurisdiction over his appeal.

## BACKGROUND

Sanders filed an amended complaint in the Claims Court on August 3, 2018. As the Claims Court noted, the basis for Sanders' complaint "is not readily apparent" because Sanders appears to use "a cryptic messaging system" made up of differently formatted words and parentheses used to denote multiple words at once, making the complaint "difficult to decipher." *Sanders*, 2018 WL 6190375, at *1. It appears that Sanders sought a declaratory judgment award of $23,880,000 based on allegations that the government violated his constitutional right to due process when he was arrested in 2006. Gov't App'x at 14–16.

Sanders has been involved in litigation over this arrest for more than a decade. In 2006, Sanders and his then-wife, Tiyani Kuanda-Sanders, got into an argument in their Michigan home, leading to Sanders "striking [Tiyani] in the face with a closed fist and threatening her life while holding a knife." *Sanders*, 2018 WL 6190375, at *1. Tiyani managed to escape with her daughter and call the Detroit police. *Id.* (citing *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 772 (6th Cir. 2012)). The police questioned Sanders about the incident and, with Tiyani's permission, entered the home and ultimately arrested Sanders on suspicion of domestic violence. *Id.* (citing *Sanders v. Detroit Police Dep't*, No. 07-14206, 2017 WL 548949, at *1 (E.D. Mich. Feb. 10, 2017)). Sanders was convicted and

sentenced to time served and one year of probation. *Id.* (citing *Sanders*, 490 F. App'x at 772).

In response to his conviction, Sanders sued the Detroit Police Department, the two officers involved in his arrest, two state judges, and the City of Detroit, asserting claims under 42 U.S.C. § 1983 in the District Court for the Eastern District of Michigan. *Id.* at *2. Sanders argued that the arrest "violated his Fourth Amendment rights, as he was arrested without a warrant, and not afforded a preliminary examination until 12 days later." *Id.* (internal quotation marks omitted). The case bounced between the district court and the Court of Appeals for the Sixth Circuit for eleven years until the district court held that Sanders' Fourth Amendment rights were not violated because, in addition to the "domestic violence and emergency nature of the situation," Tiyani "consented to law enforcement's entry into her apartment" and Sanders "did not object to the officers' request to enter his apartment." *Id.* (citing *Sanders*, 2017 WL 548949, at *3–4). The Sixth Circuit affirmed the decision in late 2017. *Id.* (citing *Sanders v. Detroit Police Dep't*, Nos. 17-1116/1202, 2017 WL 7833754, at *1–2 (6th Cir. Nov. 22, 2017)).

Less than a year after the Sixth Circuit's judgment, Sanders filed this action in the Claims Court. On September 4, 2018, the United States filed a motion to dismiss Sanders' claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims. Gov't App'x at 5. Sanders cross-moved for summary judgment. Gov't App'x at 5.

In a decision dated November 28, 2018, the Claims Court issued the decision on appeal, granting the government's motion and denying Sanders' motion. First, the court found it lacked jurisdiction over Sanders' claims because Sanders sought relief only against non-federal officials and the court's jurisdiction only extends to claims against the government. *Sanders,* 2018 WL 6190375, at

\*4.  To the extent Sanders alleged a constitutional violation, moreover, the court explained that it only has jurisdiction over such claims "when the Constitution requires payment of monetary compensation." *Id.*  Here, Sanders' due process violations arose either under the Fourteenth Amendment, which only applies to states and is thus "inapposite" to the Claims Court, or the Fifth Amendment, which is not money-mandating. *Id.*  The court, therefore, determined that Sanders failed to properly allege facts to support the court's exercise of jurisdiction over his claim. *Id.*  The Claims Court concluded, moreover, that even if jurisdiction were proper, Sanders' claim would have been time-barred under the statute of limitations set forth in 28 U.S.C. § 2501. *Id.*

Finally, the court found that Sanders failed to state a claim upon which relief could be granted and, instead, had simply been "re-litigating th[e] same event numerous times in the federal courts, often filing frivolous motions and tying up judicial resources in the process." *Id.*  The court explained that, even if Sanders had not yet had his day in court—which was *not* the case—the proper venue for seeking relief after being denied redress in the District of Michigan and the Sixth Circuit was not the Claims Court. Accordingly, the court granted the government's motion and dismissed Sanders' complaint. *Id.*

Sanders appealed to our court on December 10, 2018, seeking to invoke our jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review the Claims Court's decision to dismiss for lack of jurisdiction de novo. *See M. Maropakis Carpentry Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). The Claims Court's jurisdiction is limited.  Under the Tucker Act, the Claims Court has jurisdiction only over "specified categories of actions brought against the United States," *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.

Cir. 2005) (en banc), including claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not surrounding in tort," 28 U.S.C. § 1491(a)(1). The court's jurisdiction under the Tucker Act, moreover, is "limited to actual, presently due money damages from the United States." *United States v. Testan*, 424 U.S. 392, 398 (1976).

The Tucker Act does not create any substantive right of action against the United States. *Id.* Rather, plaintiffs must plead an independent source of law that "confer[s] a substantive right to recover money damages from the United States." *Id.* That is, plaintiffs must plead a money-mandating claim against the United States to fall within the Claims Court's jurisdiction. *Id.* at 400. And, plaintiffs must meet this burden by a preponderance of the evidence. *Maropakis*, 609 F.3d at 1327.

Sanders has failed to meet his burden here. While we construe pro se filings liberally, a pro se plaintiff must still satisfy its burden to establish jurisdiction. *Harvey v. United States*, 683 F. App'x 942, 943 (Fed. Cir. 2017); *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). But like his complaint in the Claims Court, the basis for Sanders' appeal to our court is not readily apparent. In his briefing to the court, Sanders uses the same cryptic messaging system used in his complaint, composed of randomly formatted words and parentheticals. Sanders appears to be challenging the Claims Court's decision that it lacked jurisdiction over his constitutional due process claims. The Claims Court's jurisdiction, however, does not extend to claims under the Due Process clauses of the Fifth and Fourteenth Amendments because they are not money-mandating provisions. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled

that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). The Fourteenth Amendment, moreover, applies only to states, placing it further outside of the court's jurisdiction. *See* U.S. Const. amend. XIV.

Sanders has failed to allege any facts to support the assertion of jurisdiction over his claims. Nor has Sanders identified any reason why the Claims Court's decision was wrong or why we could exercise jurisdiction over his appeal. The Claims Court, therefore, properly dismissed this case, as must we.

CONCLUSION

For the foregoing reasons, Sanders' appeal is *dismissed*.

**DISMISSED**

COSTS

No costs.