NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0220n.06

No. 19-6162

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 22, 2020
DEBORAH S. HUNT, Clerk

STEVEN F. COX, et al., )
)
    Plaintiffs-Appellants, )
)
v. )
)
CITY OF JACKSON, TENNESSEE, )
)
    Defendant-Appellee. )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

_____/

**BEFORE: GUY, THAPAR, and BUSH, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Plaintiffs in this putative class action allege that they were arrested without a warrant and unlawfully detained by the City of Jackson, Tennessee, in violation of their Fourth Amendment rights. *See* 42 U.S.C. § 1983. Plaintiffs have abandoned any claims of false arrest—having failed to allege that a warrant was required or that the officers lacked probable cause. This appeal concerns only the claim that plaintiffs were detained after their warrantless arrests without being afforded the probable cause determination required by *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). The district court dismissed those claims, finding: (1) that two of the plaintiffs could not state a claim because they were released within 48 hours of arrest, and (2) that the other plaintiffs' claims were barred by the applicable one-year statute of limitations. The district court did not reach the City's

additional argument that the claims of all those plaintiffs whose arrests resulted in conviction are also barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). After *de novo* review, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I.

The Amended Complaint alleged that six plaintiffs—Steven Cox, Kelly Freeman, Rufus Irvin, Keith Fason, David Nagi, and Ernie Kirk—were arrested and detained for varying lengths of time before being released. Each plaintiff was allegedly detained in violation of the Fourth Amendment because the City had "engaged in a pattern and practice of failing to have [subsequently issued] arrest warrants and/or Affidavits of Complaint sworn to before a magistrate or a neutral and detached clerk upon a finding of probable cause that the accused had committed a crime." Plaintiffs also alleged that the City failed to adequately train and supervise its officials "in the appropriate procedures to be utilized in obtaining arrest warrants and/or Affidavits of Complaint." Essentially, plaintiffs alleged that, for some unknown period of time before and after their arrests, the City's clerks issued warrants and/or Affidavits of Complaint signed by an affiant who was not placed under oath.

Plaintiffs also averred that this deficiency was "impossible to determine from the face of the arrest warrant/Affidavit of Complaint" and could not have been discovered "through the exercise of reasonable diligence" before the public release of a letter from District Attorney General Jody Pickens on January 18, 2019. In that letter, which the City attached to its Answer, the District Attorney General said he had recently discovered that "for a long period of time and in a large number of cases, the Jackson City Court Clerk's office ha[d] failed to place affiants under oath prior to the issuance of warrants" "as is required by [Tenn. Code Ann.] § 40-6-203 and Rule 3 of the Tennessee Rules of Criminal Procedure." This action was commenced on February

11, 2019, and the Amended Complaint was filed on May 31, 2019.

The City sought judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which plaintiffs opposed in a response and sur-reply. Granting the City's motion, the district court found that plaintiffs had failed to either plausibly allege, and/or timely assert, their *Gerstein/McLaughlin* claims. This appeal followed.

**II.**

The decision to grant a Rule 12(c) motion is reviewed *de novo*, under the same standard that applies to a dismissal under Rule 12(b)(6). *Greer v. City of Highland Park*, 884 F.3d 310, 314 (6th Cir. 2018). That is, accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in the plaintiffs' favor, the court must determine whether the complaint states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). We begin with the gravamen of plaintiffs' *Gerstein/McLaughlin* claims.

"A person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Baker v. McCollan*, 443 U.S. 137, 143 (1979). In the case of a warrantless arrest, "a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." *Gerstein*, 420 U.S. at 113-14. Once that suspect is in custody, however, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Id*. at 114. An adversarial hearing is not required, *id*. at 120-21, nor is there a single preferred pretrial procedure, *id*. at 123. Rather, whatever procedure a State adopts, "it must provide a fair and reliable determination of probable cause [to arrest] as a condition for any significant pretrial restraint of liberty, and this determination

must be made by a judicial officer either before or promptly after arrest." *Id*. at 125 (footnote omitted). Addressing what "prompt" means in this context, *McLaughlin* clarified "that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." 500 U.S. at 56. That brings us to the claims of Cox and Freeman who each alleged that they were detained for one day following their arrests.

## A. Cox and Freeman

Cox alleged that he was arrested on March 1, 2018, and was detained until March 2, 2018 (1 day). Freeman was arrested on January 8, 2017, and detained until January 9, 2017 (1 day). The district court found that—irrespective of the validity of any subsequent probable cause determination—Cox and Freeman failed to state a claim because their detentions "lasted less than 48 hours."[1]

It is true, as plaintiffs insist, that *McLaughlin* did not say that a detention of less than 48 hours can *never* violate the Fourth Amendment. *McLaughlin*, 500 U.S. at 56 ("This is not to say that the probable cause determination in a particular case passes constitutional muster simply because it is provided within 48 hours."). But *McLaughlin* did say that a jurisdiction that provides a judicial probable cause determination within 48 hours complies with the promptness requirement of *Gerstein*, and "will be immune from systemic challenges." *Id*. And, a particular plaintiff challenging the promptness of a determination made within 48 hours of arrest would have to "prove that his or her probable cause determination was delayed unreasonably." *Id*. ("Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the

---

[1]Although not material to this appeal, the Affidavit of Complaint and warrant that the City provided to the district court appears to charge Cox with an offense committed on March *11*, 2018, and purports to have been sworn to and signed on March *12*, 2018.

arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake.") Here, Cox and Freeman did not allege that their probable cause determinations were unreasonably delayed for improper purposes; rather, they claim that the purportedly valid probable cause determination was defective.

Nor can Cox and Freeman escape the presumption that their one-day detentions were constitutionally reasonable by arguing that *Gerstein* did not involve a detainee who never received a proper probable cause determination. This argument fundamentally misapprehends what *Gerstein* says the Fourth Amendment requires. That is, an officer's probable cause determination will justify a warrantless arrest and a brief period of detention, but that detention may not be *extended* without a prompt judicial determination that there is probable cause to arrest. *Gerstein*, 420 U.S. at 113-14. If, as here, such a detention ends within a constitutionally reasonable period of time, it does not matter whether there was also a judicial determination of probable cause to arrest.

The district court did not err in finding that the one-day detentions of Cox and Freeman could not state a Fourth Amendment claim based on the alleged defects in the post-arrest warrants or Affidavits of Complaint. The district court's dismissal of these claims is affirmed.[2]

### B. Irvin, Fason, Nagi and Kirk

The other four plaintiffs alleged that they were detained for *more* than 48 hours "without having an arrest warrant or Affidavit of Complaint issued upon a finding of probable cause, after being sworn to before a magistrate or neutral and detached clerk." Specifically, and listing the most recent first, Kirk was arrested on April 4, 2017, and detained until April 17, 2017 (9 days);

---

[2]Plaintiffs also miss the mark when they argue that this result authorizes a policy of making warrantless arrests *without* probable cause as long as the detainees are released within 48 hours. On the contrary, such a detainee's Fourth Amendment claim would arise from the arrest itself.

Irvin was arrested on January 11, 2017, and detained until January 23, 2017 (12 days); Nagi was arrested on January 11, 2017, and detained until January 17, 2017 (6 days); and Fason was arrested on March 8, 2016, and detained until March 24, 2016 (12 days).[3]  As this recitation makes clear, all four of these plaintiffs were arrested, detained, and released more than one year before this action was commenced on February 11, 2019.  Plaintiffs argue that these claims were nonetheless timely filed because they did not accrue until the District Attorney General's letter was released on January 18, 2019.  We start there.

### 1.  Statute of Limitations

The statute of limitations for claims brought under § 1983 is determined by the law of the state "where the cause of action originated."  *Hall v. Spencer Cty.*, 583 F.3d 930, 933 (6th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  Under Tennessee law, the applicable limitations period is one year for civil actions brought under federal civil rights statutes.  *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015); *see also* TENN. CODE ANN. § 28-3-104(a)(1)(B) (2017).  However, the accrual date for a § 1983 claim is governed by federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  As a result, a § 1983 claim "does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party."  *Hall*, 583 F.3d at 933 (citation omitted); *see also Johnson*, 777 F.3d at 843.  This objective inquiry asks "what event should have alerted the typical lay person to protect his or her rights."  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (citation omitted); *see also Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000).

The City argued that these plaintiffs' *Gerstein/McLaughlin* claims accrued once they had

---

[3]Plaintiffs state that Nagi was released on *February* 17, 2017, after being detained for six (6) days, but this is likely an error because that would be a 37-day detention and the judgment in his name that was attached to the City's Answer was dated *January* 17, 2017.

been detained for 48 hours without a probable cause hearing. *See Johnson v. Cty. of Paulding*, 780 F. App'x 796, 799 (11th Cir. 2019) (per curiam), *pet. for cert. filed*, No. 19-1196 (U.S. Jan. 2, 2020); *cf. Wallace*, 549 U.S. at 389 (limitations period begins when the false imprisonment ends). But because *Gerstein* and *McLaughlin* do not require a formal hearing, the City's argument must be that the claims accrued once they were detained for longer than 48 hours without a judicial determination of probable cause. *See Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 774 (6th Cir. 2012).

We understand plaintiffs' claim to be that if the warrants or affidavits had been as they appeared to be—issued on a finding of probable cause after having been sworn to before a qualified magistrate or clerk—their "subsequent period of detention would have been constitutional under *Gerstein* and its progeny." (Pls' Br., p. 15.) That will be for plaintiffs to prove, of course, but the City has provided what appear to be the post-arrest warrants and/or Affidavits of Complaint that were signed and sworn to against Irvin, Fason, Nagi, and Kirk. We may consider a document, such as these, that is not attached to a complaint or answer when it "is referred to in the pleadings and is integral to the claims." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). If, as it appears, these plaintiffs received a facially valid probable cause determination within 48 hours of arrest, their *Gerstein/McLaughlin* claims would accrue when they discovered, or in the exercise of reasonable diligence should have discovered, that the probable cause determination was constitutionally defective.

To that end, the Amended Complaint specifically alleged that it was "impossible to determine from the face of the arrest warrant/Affidavit of Complaint that the Defendant failed to have them sworn to before a magistrate or detached and neutral clerk and a finding of probable cause made as required by the Fourth and Fourteenth Amendments." As a result, plaintiffs averred

that they "were not aware of the constitutional deficiency, nor could they have discovered it through the exercise of reasonable diligence" before District Attorney General Pickens' letter was released on January 18, 2019.  The district court concluded that the deficiency identified in that letter related only to claims of false arrest and "had nothing whatever to do with the ability of the Plaintiffs to know that they had been held in custody without a probable cause hearing for longer than the time deemed presumptively reasonable under *McLaughlin*."  But that is not necessarily so.

The letter does describe an "issue regarding *arrest* warrants in Jackson City Court that [was] discovered recently."  (Emphasis added.)  That discovery followed the dismissal of a felony case after it was determined that the clerk did not have the affiant swear to the warrant as is required by Tenn. Code Ann. § 40-6-203 and Rule 3 of the Tennessee Rules of Criminal Procedure.  At first blush, this seems to concern only arrests; but, in fact, arrest warrants in Tennessee serve a dual function.

Under Rule 3, an Affidavit of Complaint alleging that a person has committed an offense must be "made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination."  And, Rule 4, in turn, authorizes the issuance of an arrest warrant if the Affidavit of Complaint establishes "that there is probable cause to believe that an offense has been committed and that the defendant has committed it."  As the commentary to Rule 4 explains, however, the form "makes no distinction between warrants issued for persons not yet arrested and those warrants issued for persons already arrested without a warrant."  TENN. R. CRIM. P. 4 (Advisory Commission Comment).

> The command to arrest is obviously surplusage where the warrant is directed against one already in custody; but a warrant in such cases still serves as the official charging instrument, *issued after a judicial finding of probable cause*, and gives notice of the charge which must be answered.

*Id.* (emphasis added). Thus, it is possible that the District Attorney General's disclosure did have something to do with the plaintiffs' claim that they did not receive a *Gerstein*-compliant probable cause determination within 48 hours of arrest.

The City argued that, even so, these plaintiffs—or their criminal defense attorneys—should have discovered the alleged deficiency in the exercise of reasonable diligence. Maybe. It is true that the District Attorney General's letter implies that someone's criminal defense attorney got felony charges dismissed after it was "determined" that the clerk failed to "have the affiant swear to the warrant." Yet, without saying how the defect came to light, the letter describes it as a "revelation" and indicates that further investigation determined that it happened over "a long period of time and in a large number of cases." It would be premature to conclude from the pleadings and documents before us that the plaintiffs who received a probable cause determination within 48 hours of arrest nonetheless should have discovered that their continued detention was unconstitutional more than a year before this action was commenced. *See Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016) (citation omitted) ("courts should not dismiss complaints on statute-of-limitations grounds when there are disputed factual questions relating to the accrual date").

### 2. *Heck v. Humphrey*

Finally, urging the court to affirm on alternative grounds, the City contends that the claims of Irvin, Fason, Nagi and Kirk are barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). When a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* We assume that these plaintiffs

pleaded guilty to charges arising out of their warrantless arrests and that none of those convictions have been invalidated. The only question before us is whether plaintiffs' success on their *Gerstein/McLaughlin* claims would *necessarily* imply the invalidity of their convictions. We conclude that it would not.

*Heck* offers an example of a claim that does not seek damages directly attributable to the conviction but for which success would necessarily imply that the conviction was wrongful. *Id.* at 486 n. 6. Namely, a Fourth Amendment claim for excessive force would be barred when it would imply the invalidity of a related conviction for resisting arrest because, to prevail under § 1983, the plaintiff "would have to negate an element of the offense of which he [had] been convicted." *Id.*; *see also Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). In contrast, *Heck* also explains that a claim for damages attributable to an unreasonable search may not be barred "even if the challenged search produced evidence that was introduced in [the] state criminal trial" because success on such a claim would not necessarily imply that the plaintiff's conviction was unlawful. *Heck*, 512 U.S. at 487 n. 7; *see also Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008) (citations omitted) (holding *Heck* bars unreasonable search claims "where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion").

Plaintiffs understandably rely on this court's decision in *Sanders v. City of Detroit*, 490 F. App'x 771, 773-74 (6th Cir. 2012). There, we held that a *Gerstein* claim was "unaffected by *Heck*, as that claim is for 'monetary damages for a constitutional violation unrelated to [the plaintiff's] ultimate conviction of the substantive offense.'" *Id.* at 773 (quoting *Alkire v. Irving*, 339 F.3d 802, 816 n. 10 (6th Cir. 2003)). Although not controlling, *Sanders* got it right. As discussed earlier, a *Gerstein/McLaughlin* claim alleges that the plaintiff was not afforded a prompt judicial

determination of probable cause following a warrantless arrest as required by the Fourth Amendment. Such a § 1983 claim seeks damages for the allegedly unlawful pretrial detention, but, as *Gerstein* itself explained, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119.

Without disagreeing with *Sanders*, the City argued that the *Gerstein* claims at issue here are different because an arrest warrant may also serve as the charging document under Tennessee law. *See* TENN. CODE ANN. § 40-2-104 (a prosecution is commenced by, among other things, "finding an indictment or presentment," "the issuing of a warrant," or "the filing of an information"); *see also State v. McCloud*, 310 S.W.3d 851, 859 (Tenn. Crim. App. 2009). The City has represented that all the plaintiffs—except Cox who was subsequently indicted—were charged by issuance of the arrest warrants that plaintiffs claim were issued without first placing the affiant under oath. "Under Tennessee law, if a warrant does not meet procedural and constitutional requirements, it is invalid." *State v. Wilson*, 6 S.W.3d 504, 507 (Tenn. Crim. App. 1998) (citing *State v. Burtis*, 664 S.W.2d 305, 308 (Tenn. Crim. App. 1983)). And, "[a] void warrant invalidates all subsequent proceedings emanating from the warrant." *Id*. (citing *State v. Campbell*, 641 S.W.2d 890 (Tenn. Crim. App. 1982)). But it would not invalidate a conviction commenced by other means, *McCloud*, 310 S.W.3d at 860, or prevent the state from curing the defective arrest warrant by reinstituting proceedings against a defendant within the relevant statute of limitations, *Wilson*, 6 S.W.3d at 507. Nor, as is pertinent here, would a deficient warrant invalidate a conviction based on a guilty plea. *State v. Gross*, 673 S.W.2d 552, 553-54 (Tenn. Crim. App. 1984). The court in *Gross* explained that although a direct attack on an unsigned warrant would have been successful, the plea of guilty waived the defects. *Id.* at 553 ("a plea of guilty waives all non-jurisdictional defects, procedural defects, and constitutional infirmities").

Because the judgments on which the City relies reflect that plaintiffs Irvin, Fason, Nagi, and Kirk pleaded guilty, proof that their arrest warrants and/or Affidavits of Complaint were not sworn to before a magistrate or neutral and detached clerk would not *necessarily* imply the invalidity of their convictions. As in *Sanders*, the plaintiffs' § 1983 claims seeking damages for their post-arrest detention without a proper determination of probable cause are not barred under *Heck*.

*        *        *

The district court's order granting judgment on the pleadings is **AFFIRMED** with respect to the claims of plaintiffs Cox and Freeman, and **REVERSED** and **REMANDED** with respect to the claims of plaintiffs Irvin, Fason, Nagi, and Kirk.